[Cite as *State v. Guess*, 2014-Ohio-771.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 11CA33 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| Bo Guess, | : | |
| Defendant-Appellant. | : | **RELEASED: 02/24/2014** |

_____
<u>APPEARANCES</u>:

Robert W. Bright, Middleport, Ohio, for Appellant.

Laina Fetherolf, Hocking County Prosecuting Attorney, Logan, Ohio, for Appellee.
_____
PER CURIAM.

{¶ 1}   Bo Guess, defendant-appellant, appeals from a judgment of the Hocking County Court of Common Pleas, in which the court found him guilty, pursuant to a plea of guilty, of four counts of making false allegations against a peace officer, in violation of R.C. 2921.15, which are first-degree misdemeanors.

{¶ 2}   On March 25, 2011, while appellant was incarcerated at Toledo Correctional Institution, appellant was indicted on four counts of menacing by stalking, which are fourth-degree felonies, and four counts of intimidation, which are third-degree felonies. Starting at his arraignment on April 13, 2011, appellant indicated a desire to proceed pro se with assisting counsel, and the court appointed counsel for appellant. On May 20, 2011, appellant's counsel filed a  motion to withdraw, which the trial court granted.

{¶ 3} On June 3, 2011, the trial court issued an entry in which the court indicated that the matter had come on for hearing on June 2, 2011. The court stated that appellant was present in open court and requested legal assistance. The court then appointed new counsel to assist appellant in his defense as "standby counsel." On June 16, 2011, appellant's appointed counsel filed a request for guidance as to his specific role as court-appointed counsel, as appellant's actions suggested he desired more assistance than that usually given by mere standby counsel. On June 22, 2011, appellant's appointed counsel filed a request for status conference to allow appellant to specifically indicate whether he wanted to represent himself with standby counsel or have an attorney appointed to represent him.

{¶ 4} On November 29, 2011, appellant, appearing pro se but with standby counsel, pleaded guilty to four first-degree misdemeanor counts of making false allegations of peace officer misconduct, and the court held a sentencing hearing. The court sentenced appellant to four six-month jail terms, all to be served concurrently to each other and to his current prison sentence. Appellant appealed the judgment of the trial court, and appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Having found one of the potential assignments of error raised the non-frivolous issue of whether appellant knowingly and intelligently waived his right to appellate counsel, we appointed new counsel to file a new appellate brief raising this assignment of error and any other assignment of error that new counsel wished to assign. Appellant, with his new counsel, has raised the following assignments of error:

> I. WHETHER THE APPELLANT'S WAIVER OF COUNSEL
> WAS DONE KNOWINGLY, VOLUNTARILY OR
> INTELLIGENTLY AND WHETHER HE WS DEPRIVED OF
> HIS RIGHTS IN VIOLATION OF THE SIXTH AMENDMENT

TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

II. WHETHER THE TRIAL COURT ERRED TO THE DETRIMENT OF THE APPELLANT BY NOT INFORMING HIM OF THE POSSIBLE DANGERS OF SELF REPRESENTATION AND WITHOUT ASCERTAINING THAT THE APPELLANT'S WAIVER OF HIS RIGHT TO COUNSEL WAS KNOWING, VOLUNTARY AND INTELLIGENT.

{¶ 5}   Appellant argues his assignments of error together, and we will address them together. Appellant argues in his assignments of error that he did not voluntarily, knowingly, and intelligently waive his right to counsel.

{¶ 6}   The Sixth Amendment to the United States Constitution, and Section 10, Article 1 of the Ohio Constitution guarantee the right to assistance of counsel in all criminal prosecutions that may result in jail sentences. *State v. Wellman*, 37 Ohio St.2d 162, 171 (1974), citing *Argersinger v. Hamlin*, 407 U.S. 25 (1972). "The constitutionally protected right to the assistance of counsel is absolute [and] 'absent a knowing and intelligent waiver, no person may be imprisoned for any offense * * * unless he was represented by counsel at his trial.' " *State v. Tymcio*, 42 Ohio St.2d 39, 43 (1975), quoting *Argersinger* at 37, and *Gideon v. Wainwright*, 372 U.S. 335 (1963). Although a criminal defendant may waive the right to counsel, the court must be satisfied that the defendant made an intelligent and voluntary waiver of the right with the knowledge that he will have to represent himself. *Faretta v. California*, 422 U.S. 806 (1975); *State v. Gibson*, 45 Ohio St.2d 366 (1976).

{¶ 7}   Furthermore, Crim.R. 44, which covers the assignment of counsel and waiver of counsel, provides:

(A) Counsel in serious offenses

> Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.
>
> (C) Waiver of counsel
>
> Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

Crim.R. 2(C) defines "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months," while Crim.R. 2(D) defines "petty offense" as "a misdemeanor other than [a] serious offense." In the case at bar, the charges against appellant were serious offenses.

{¶ 8}   To be valid, a waiver of the right to counsel must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 40, citing *Von Moltke v. Gillies*, 332 U.S. 708, 723 (1948). In order for the defendant to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation so that the record will establish that " 'he knows what he is doing and his choice is made with eyes open.' " *State v. Clemons*, 3d Dist. No. 4-11-23, 2012-Ohio-2127, ¶ 3, quoting *Faretta* at 835.

{¶ 9}   There is no single test to determine if a defendant has knowingly, intelligently, and voluntarily waived his right to counsel. *State v. Mootispaw*, 4th Dist. No. 09CA33, 2010-Ohio-4772, ¶ 21, citing *State v. Bristow*, 4th Dist. No. 07CA3186,

2009-Ohio-523, ¶ 17; *State v. Mitchell*, 4th Dist. No. 07CA50, 2008-Ohio-2419, ¶ 15; *State v. Doyle*, 4th Dist. No. 04CA23, 2005-Ohio-4072, ¶ 10. Instead, appellate courts should independently examine the record, i.e., conduct a de novo review, to determine whether the totality of circumstances demonstrates a knowing, intelligent, and voluntary waiver of the right to counsel. *Id.*, citing *Wellston v. Horsley*, 4th Dist. No. 05CA18, 2006-Ohio-4386, ¶ 10.

{¶ 10} Therefore, we must look to the transcript of the hearings before the trial court to determine whether appellant made a knowing, voluntary, and intelligent waiver of trial counsel. In the record before this court, we have two transcripts available: (1) the transcript of the April 13, 2011, arraignment, and (2) the transcript of the November 29, 2011, plea/sentencing hearing.

{¶ 11} At the arraignment, several relevant exchanges between appellant and the trial court took place with regard to appellant's right to counsel and his waiver thereof. Appellant also engaged in several long statements indicating the reasons why he would like to proceed without counsel, which we have not included below.

> THE COURT: * * * Are you requesting counsel?"
>
> DEFENDANT: As of 1993, the way we did it in those cases, I'm going to be asking due to the obstructions of the plaintiffs and their co-workers to obstruct my pro se ability just like the jail did back then, I'm going to ask the Court just for at least for the record to appoint assisting counsel and let me represent myself under Loretta vs. California.
>
> * * *
>
> So if the Court won't give me assisting counsel, order them to stop obstructing my pro se abilities.
>
> * * *
> THE COURT: Do you want to fill out an affidavit for court appointed counsel?

DEFENDANT: I will with respect to my request for assisting counsel.

THE COURT: That's what I meant.

DEFENDANT: Yes, sir.

THE COURT: I just wrote you name and address and then zero on it, okay, for all the assets and all that.

DEFENDANT: Yes.

THE COURT: * * * There is no fee for the attorney. I think what we'll do is either call the state public defender or Mr. Carson. * * * Did you ever have a conflict with Mr. Carson?

* * *

DEFENDANT: Great. The issue is whether I could get assisting counsel to assist me or a court order to stop them because you can see I have no paperwork.

* * *

DEFENDANT: Will there be an assistant lawyer appointed, sir?

THE COURT: Yes.

{¶ 12} At the plea/sentencing hearing, the only statements even marginally relevant to this issue were the following:

THE COURT: * * * Mr. Gleeson has been appointed as counsel to be available to consult with the defendant because the defendant indicated he wished to represent himself.

* * *

THE COURT: At this time we would ask you – I understand you've had a chance to go over this guilty plea form with Mr. Gleeson who is here to advise you if you ask for information. If you have any questions you can ask the Court or if you wish to consult with Mr. Gleason, but if that's what you wish to do, please sign where it says defendant on that plea.

{¶ 13} From the record before us, it is abundantly clear that the trial did not make any inquiry to satisfy itself that appellant was making an intelligent and voluntary waiver of the right to counsel with the knowledge that he will have to represent himself. There is no evidence that appellant knew the dangers and disadvantages of self-representation, and the court did not inquire as to whether appellant understood the defenses available to him and whether appellant had a broad understanding of the issues in the case. We cannot say that the trial court acted in accord with the waiver requirements in *Martin* and *Faretta*. Furthermore, the record does not indicate that appellant's waiver of counsel was in writing, as required by Crim.R. 44(C).

{¶ 14} The State of Ohio, plaintiff-appellee, contends that appellant never waived his right to counsel. The state argues that we should recognize the present situation as a third category of indigent self-representation case (with pure self-representation and representation with the desire to control the presentation of defense being the other two categories), in which the defendant desires to represent himself but wants standby or assisting counsel. In this category, the state asserts, there is no waiver of counsel because counsel is available to assist or take over if the defendant decides to waive his right to self-representation. The state fails to cite any authority to support its contentions that no waiver of the right to counsel is necessary when one is proceeding with standby counsel, and we decline to follow the state's urgings. Instead, we view this case as any other case in which an indigent defendant wishes to proceed pro se but also desires standby counsel. Under such circumstances, the defendant must knowingly, intelligently, and voluntarily waive his right to counsel. *See State v. Irwin*, 8th Dist. No. 90772, 2009-Ohio-848, ¶ 39 (the court's appointment of standby counsel for the purpose of advice prior to trial does

not relieve the court of its duty to ascertain the defendant's understanding of the charges, the possible penalties, and other relevant facts related to the current case; thus, the court cannot abdicate its responsibility to sufficiently inform a criminal defendant as to that defendant's waiver of the right to counsel merely by appointing standby counsel). As explained above, the trial court did not insure that appellant knowingly, intelligently, and voluntarily waived his right to counsel. For these reasons, we sustain appellant's first and second assignments of error.

{¶ 15} We note that appellant's counsel outlined in appellant's appellate brief several other "issues" that appellant wished him to raise before this court but that counsel believed to be frivolous. None are specifically raised as assignments of error, but are summarized at the outset of the brief. However, given our sustaining of appellant's assignments of error, these issues are moot.

{¶ 16} Appellant has also filed a pro se "emergency notice" and "motions for vacated stay of sentence, new lawyer for new brief, expe[d]ited calendar and status, etc." These pleadings contain lists of arguments and complaints that are undeveloped and difficult to comprehend. Regardless, as we have already sustained his assignments of error, we find these arguments moot.

{¶ 17} Accordingly, appellant's first and second assignments of error are sustained, his pro se emergency notice and motions are rendered moot, the judgment of the Hocking County Court of Common Pleas is reversed, and this matter is remanded to that court for proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

* Connor, J., Brown, J., & Dorrian, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
John A. Connor, Judge *

BY: _____
Susan D. Brown, Judge *

BY: _____
Julia L. Dorrian, Judge  *

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**

**\* John A. Connor, Susan D. Brown and Julia L. Dorrian, from the Tenth Appellate District, sitting by assignment of The Supreme Court of Ohio in the Fourth Appellate District.**