[Cite as *State v. Reece*, 2019-Ohio-2259.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No. L-17-1314

       Appellee                                    Trial Court No. CR0201701207

v.

Derek Reece, Sr.                                **DECISION AND JUDGMENT**

       Appellant                                   Decided:  June 7, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Emil G. Gravelle III, for appellant.

* * * * *

**OSOWIK, J.**

## Introduction

{¶ 1} The defendant-appellant, Derek Reece, Sr., appeals his forgery conviction in the Lucas County Court of Common Pleas.  He argues that the trial court erred in accepting his *Alford* plea without first advising him of his right to counsel or securing a waiver of that right.  Reece also alleges that the court erred by denying his presentence

motion to withdraw his guilty plea and that his conviction was not supported by legally sufficient evidence. As set forth below, because the record lacks any evidence that Reece was advised of his right to counsel at the time he entered his plea and/or that he voluntarily, intelligently or knowingly waived that right, his guilty plea must be vacated and the case remanded for trial.

## Facts and Procedural Background

{¶ 2} On January 31, 2017, Reece was indicted on three counts of forgery, in violation of R.C. 2913.31(A)(3), (C)(1)(a), and (C)(1)(b), felonies of the fifth degree. According to the state, Reece presented a forged check, on three separate occasions, to Vin Devers Autohaus in Sylvania, Ohio, with the intent of purchasing an "Audi 8." Each check was written for the full purchase price of vehicle, about $102,750. Reece never gained possession of a vehicle.

{¶ 3} During his first court appearance, Reece requested a continuance so that he could hire a lawyer. At his arraignment one week later, Reece announced to the court that he had "decided against" hiring a lawyer and was going to represent himself. The court engaged in an extensive discussion with Reece regarding that decision. At the conclusion of the hearing, the court allowed Reece to represent himself and accepted his not guilty plea. Ten weeks later, at the change-of-plea hearing, Reece pled guilty, pursuant to *North Carolina v. Alford,* to one count of forgery (Count 1). In exchange, the state recommended that Reece be sentenced to community control in lieu of incarceration and agreed to nolle prosequi the other two forgery counts. No mention of Reece's right

2.

to counsel or waiver thereof was made.  The court accepted the terms of the plea agreement, entered a finding of guilty, and ordered a presentence investigation.

{¶ 4} Prior to sentencing, Reece filed a motion to withdraw his plea, based in part, upon his claim that his due process rights had been violated.  Following a hearing, the trial court denied Reece's motion (as well as a motion in limine and motion to dismiss), and it sentenced Reece to three years of community control, with 120 days of electronic monitoring.  Reece appealed the trial court's December 21, 2017 judgment and was appointed appellate counsel.  He raises three assignments of error for this court's review:

**First Assignment of Error:**  The trial court erred in accepting appellant's plea pursuant to *North Carolina v. Alford,* by failing to comply with requirements of Ohio Criminal Rule 11(C)(1) and Ohio Criminal Rule 44.

**Second Assignment of Error:**  The Court abused its discretion in failing to grant the appellant's motion to withdraw his plea entered pursuant to *North Carolina v. Alford.*

**Third Assignment of Error:**  The Appellant's convictions were not supported by a sufficiency of evidence and the state failed to prove all essential elements of the offense as charged thereby violating the Appellant's Constitutional Right to Due Process due under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, Section 10, and Section 16 of the Ohio State Constitution.

3.

## Law and Analysis

{¶ 5} In this first assignment of error, Reece asserts that, at the time he entered his *Alford* plea, the trial court failed to advise him of his right to counsel, as required by Crim.R. 11(C)(1), and separately failed to conduct a sufficient inquiry to establish a waiver of that right under Crim.R. 44. "An *Alford* plea is procedurally indistinguishable from a guilty plea and waives all alleged errors * * * committed at trial except those errors that may have affected the entry of a defendant's plea pursuant to Crim.R. 11." *State v. Nguyen*, 6th Dist. Lucas No. L-05-1369, 2007-Ohio-2034, ¶ 18, quoting *State v. Leasure*, 6th Dist. Lucas No. L-05-1260, 2007-Ohio-100.

{¶ 6} The prosecution of any offense that includes imprisonment as a sentence—whether such offense is classified as petty, misdemeanor, or felony—triggers a defendant's right to counsel. *State v. Wellman*, 37 Ohio St.2d 162, 309 N.E.2d 915 (1974) paragraph one of the syllabus, citing *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

{¶ 7} The Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee criminal defendants the right to counsel. *See Gideon v. Wainwright*, 372 U.S. 335, 342, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227. The right to counsel attaches at all "critical stages" of the criminal process. *Dobbins v. Ohio Bur. Of Motor Vehicles,* 75 Ohio St.3d 533, 537, 664 N.E.2d 908 (1996). A plea hearing is a critical stage of the criminal process at which the right to counsel applies. *Iowa v. Tovar,* 541

4.

US. 77, 81, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) ("The entry of guilty plea, whether to a misdemeanor or felony charge, ranks as a 'critical state' at which the right to counsel adheres."). In Ohio, a defendant's right to counsel during a plea hearing is set forth in Crim.R. 11. With regard to felony cases, the rule provides, "[w]here in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, *after being readvised that he or she has the right to be represented by retained counsel*, or pursuant to Crim.R. 44 by appointed counsel, waives this right." (Emphasis added.) Crim.R. 11(C)(1). Because the right to counsel is a constitutional right, strict compliance with the advisement and waiver requirements is required. *State v. Wamsley,* 5th Dist. Ashland No. 15-COA-030, 2016-Ohio-2885, ¶ 10.

{¶ 8} The right to counsel, however, "implicitly embodies a 'correlative right to dispense with a lawyer's help.'" *Martin* at ¶ 23, quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942). The right to represent oneself "is thwarted when counsel is forced upon an unwilling defendant, who alone bears the risks of a potential conviction." *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 26, citing *Faretta v. California*, 422 U.S. 806, 819-820, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Nonetheless, if the accused "is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty." *State v. Gibson*, 45 Ohio St.2d 366, 376, 345

5.

N.E.2d 399 (1976), quoting *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

{¶ 9} For that reason, there is a presumption against finding that a defendant has waived his or her right to counsel, and a trial court has a "serious and weighty responsibility" to determine whether the accused is knowingly, intelligently, and voluntarily waiving the constitutional right to counsel. *Gibson* at 376, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309 (1948). "To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility." *Id.* "Although defendant[s] need not [themselves] have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, [they] should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that [they] know what [they are] doing and [their] choice is made with eyes open." (Quotation omitted.) *Faretta* at 835.

{¶ 10} For the waiver of counsel to be valid, a trial court must engage in a colloquy with the defendant to ensure that he or she "has been 'made aware of the dangers and disadvantages of self-representation.'" *Obermiller* at ¶ 43, quoting *Faretta* at 835. "The specific nature of the colloquy varies from case to case, depending on the nature and circumstances of the charged offenses and potential penalties the defendant

6.

faces." *Id.*; *see also State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 101, quoting *Iowa v. Tovar*, 541 U.S. at 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (Noting that the United States Supreme Court "ha[s] not * * * prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel.").

{¶ 11} For example, in *Gibson*, the Supreme Court of Ohio held that a valid waiver of one's right to counsel must be made with apprehension of "the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Gibson* at 377, quoting *Von Moltke* at 723. Other Ohio courts have noted that a court "should" also explain that the defendant "will be required to follow the same rules of procedure and evidence which normally govern the conduct of a trial." *State v. Furr*, 1st Hamilton Dist. No. C-170046, 2018-Ohio-2205, ¶ 9, quoting *State v. Doane*, 69 Ohio App.3d 638, 646-647, 591 N.E.2d 735 (11th Dist.1990). But, again, "[t]he information a defendant must possess in order to make an intelligent election * * * will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *Johnson* at ¶ 101, quoting *Tovar* at 88; *see also Obermiller* at ¶ 43 ("The specific nature of the colloquy varies from case to case.").

{¶ 12} In Ohio, Crim.R. 44 governs the procedure through which a defendant may waive his right to counsel. The rule provides, in relevant part,

7.

(A) Counsel in serious offenses. Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.

\* \* \*

(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22 [Recording of Proceedings]. In addition, in serious offense cases the waiver shall be in writing.

{¶ 13} Thus, pursuant to Crim.R. 44 and 22, the waiver of counsel must take place in open court, must be recorded, and in cases of serious offenses, the waiver must be in writing. A serious offense "means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Here, Reece was charged with three fifth-degree felonies, all "serious offenses" and therefore governed by Crim.R. 44(A) and (C).

{¶ 14} Whether a defendant knowingly, intelligently, and voluntarily waived the right to counsel is an issue that we review de novo. *State v. Griffin*, 10th Dist. Franklin No 10AP-902, 2011-Ohio-4250.

8.

{¶ 15} We look to the transcript of the hearings to ascertain whether the trial court advised Reece of his right to counsel and/or whether he made a knowing, voluntary, and intelligent waiver of that right. In the record before this court, we have four transcripts available between the time of Reece's initial court appearance through the time of the plea. They are (1) the June 8, 2017 preliminary hearing; (2) the June 15, 2017 arraignment; (3) the August 28, 2017 final pretrial; and (4) the August 29, 2017 change-of-plea hearing.

{¶ 16} Reece expressed his intention to hire his own lawyer at the preliminary hearing, and his arraignment was continued for that purpose for one week. At his June 15, 2017 arraignment, Reece asserted that he had "decided against" hiring an attorney and intended to represent himself. The court then engaged in an extensive dialogue with Reece. It inquired as to Reece's educational background and his knowledge, if any, of the criminal justice system. It explained that it could not offer legal advice and advised him of the maximum possible penalty if he was convicted of all three offenses. With regard to Reece's right to counsel, the court specifically advised him that if he was "without funds this court would appoint counsel to represent" him; that Reece could hire standby counsel who "who would sit in the courtroom, would not participate but would be there [for] any questions"; and that if Reece was indigent, standby counsel could be appointed. The court warned Reece that "the old saying is [that] when you represent yourself, you have a fool for a client," and that representing oneself "can be a very dangerous, slippery slope," as evidenced by the fact that Reece did not "even know

9.

how to arraign [himself]." Next, the court asked if Reece understood that he would be bound by the rules of evidence, the criminal rules, and the code of professional responsibility. Finally, the court revisited the idea that "at any time" Reece could "hire a lawyer" or, if indigent, have counsel appointed to him, including standby counsel. When Reece had confirmed his understanding to all of the above, the trial court found that he should be allowed to represent himself, and it accepted his not guilty plea.

{¶ 17} The next transcript, dated August 28, 2017, indicates that the parties intended to go to trial the following day. Reece's self-representation was not addressed except that the court warned Reece, "[i]f you are proceeding to trial and you want to represent yourself, * * * you are presumed – and here is where I caution you seriously, * * * to know what the law is."

{¶ 18} On the day of trial, August 29, 2017, the parties reached an agreement, and Reece told the court that he would plead guilty to a single felony. Before accepting the plea, the court observed, three times, that Reece was "representing himself." It also instructed him that he could not raise an ineffective assistance of counsel claim on appeal because he was "representing [him]self," which Reece acknowledged. However, no reference to Reece's right to counsel or waiver thereof was made.

{¶ 19} After reviewing the entire record, we must conclude that the trial court both failed to "readvise" Reece of his right to counsel at the time of his plea or warn him of the "dangers and disadvantages" of self-representation. The record also lacks any written waiver of counsel in contravention of Crim.R. 44(C).

10.

{¶ 20} "The assertion of the right to self-representation must be clear and unequivocal." *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 68. Here, there was no such assertion, and the court could not infer from Reece's silence on the matter that he wished to waive his right to counsel. *State v. Wellman*, 37 Ohio St.2d 162, 309 N.E.2d 915 (1972), paragraph two of the syllabus; *See also State v. Byrd*, 2d Dist. Montgomery No. 23154, 2010-Ohio-491, ¶ 52. Moreover, the fact that the trial court observed that Reece was "representing himself" is insufficient to satisfy the court's obligation to advise him of his right to counsel or to establish a waiver. *See State v. Guess,* 4th Dist. Hocking No. 11CA33, 2014-Ohio-771, ¶ 13 (Conviction reversed where only mention during plea hearing of defendant's right to counsel included observation by trial court that defendant "wished to represent himself" and that standby counsel was available "to advise you if you have any questions * * * about the guilty plea form.").

{¶ 21} In its brief, the state cites the colloquy during Reece's *arraignment* as evidence that the trial court advised Reece of his right to counsel and "made a sufficient inquiry to determine that [Reece] knowingly, intelligently, and voluntarily waived his right to counsel, and therefore, substantially complied with Criminal Rule 44." We reject the state's suggestion, that the trial court's colloquy with Reece on June 15, 2017 (during the arraignment) satisfied the court's obligation ten weeks later to "readvise" Reece of his right to counsel during the change-of-plea hearing. "[E]ven if a defendant waives his right to counsel during arraignment, that waiver is effective for that proceeding only." *State v. Vordenberge,* 148 Ohio App.3d 488, 493, 774 N.E.2d 278 (1st Dist.2002)

11.

(Explaining that a waiver of a defendant's right to counsel at an arraignment is "standing alone, insufficient to demonstrate a knowing, intelligent, and voluntary waiver of counsel for trial [because] [t]he 'cattle call' nature of arraignment proceedings does not lend itself to the judge or magistrate conducting an inquiry sufficient to pass constitutional muster.") *Accord State v. Victor,* 11th Dist. Geauga Nos. 2014-G-3220, 2014-G-3241, 2015-Ohio-5520, ¶ 32-36. *See also State v. Tilley,* 4th Dist. Jackson No. 17CA1, 2018-Ohio-2922 (Trial court's failure to advise defendant of his right to be "represented by retained counsel" under Crim.R. 32.3(B) before accepting plea, failure to "discuss the dangers and disadvantages of self-representation," and failure to obtain a written waiver of counsel requires reversal of sentence.). On the other hand, in *State v. Perkins*, 2d Dist. Montgomery No. 22956, 2010-Ohio-2640, ¶ 30, the Second Appellate District found that the defendant's waiver of counsel was sufficient, despite the absence of any colloquy during the change-in-plea hearing. There, however, the plea was given after the trial had begun. The court reasoned that, "[u]nder different circumstances the omission [of any colloquy] may have merited vacation of the plea, but * * * [because] the trial court engaged Perkins in an extended colloquy [spanning 22 pages of the record] *just five days prior to [his] plea hearing*, [it] was sufficient to ensure that he understood his constitutional right to counsel and that he had no intention of exercising it in this matter." (Emphasis added.) *Id.* at ¶ 35.

{¶ 22} The facts of the instant case are different and, in our view, merit a different result. That is, although the court's colloquy with Reece during the arraignment bore no

12.

resemblance to a cattle call-type of hearing and may have sufficiently warned him of the "dangers of self-representation" for purposes of that proceeding, it is problematic that the court provided no further admonitions after that time. Given the passage of time between proceedings—ten weeks—we cannot find that the trial court was relieved of its obligation, under Crim.R. 11(C)(1) and 44, to readvise Reece of his right to counsel and to secure a valid waiver at the change-of-plea hearing. Again, the record is devoid of any evidence that Reece knowingly, intelligently, and voluntarily waived his right to counsel before pleading guilty. *Byrd* at ¶ 52. The law is clear: a pro-se defendant proceeds to trial "with eyes open" only after he or she is "made aware of the dangers and disadvantages of self-representation." *Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, at ¶ 43, quoting *Faretta* at 835. Here, that did not occur. Because the trial court failed to engage in any colloquy to ensure that Reece understood the dangers and disadvantages of self-representation, we must follow the strong presumption against waiver and conclude that he did not knowingly, intelligently, and voluntarily relinquish his right to counsel. *See City of Toledo v. Garmon*, 6th Dist. Lucas No. L-12-1206, 2013-Ohio-4413, ¶ 24 (Finding that the defendant did not waive her right to counsel because the court "failed to ensure that [she] understood the nature of the charges against her or the possible defense to those charges" and the court "failed to advise [the defendant] of the dangers of self-representation.").

13.

**Conclusion**

**{¶ 23}** We sustain Reece's first assignment of error, vacate his forgery conviction, and remand for trial, where the court must advise Reece of right to counsel and, if he declines, to have the proper colloquy with him to ensure that he is voluntarily, knowingly, and intelligently waiving that right. In light of our decision as to Reece's first assignment of error, his second assignment of error (withdrawal of plea) and third assignment of error (sufficiency of the evidence) are moot, and we decline to address them. App.R. 12(A)(1)(c). Pursuant to App.R. 24, the state is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                              _____
JUDGE

Arlene Singer, J.

_____

Thomas J. Osowik, J.                             JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.