[Cite as *State v. Baughn*, 2019-Ohio-4283.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                         Court of Appeals No. S-19-016

    Appellee                                      Trial Court No. 16 CR 305

v.

Michael Baughn, Jr.                          **DECISION AND JUDGMENT**

    Appellant                                     Decided:  October 18, 2019

* * * * *

Dean E. Ross, Special Assistant Prosecutor, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Michael Baughn, Jr., appeals the trial court's February 28, 2019 judgment entry sentencing him to 180 days in jail.  Appellant argues his guilty plea was not knowingly, intelligently, or voluntarily made and the trial court failed to readvise him of his right to counsel at the time of his guilty plea in accordance with Crim.R. 11.  For the following reasons, we reverse the judgment of the trial court and remand this matter for further proceedings.

## I. Background

{¶ 2} On April 5, 2016, appellant was indicted on three counts of nonsupport of dependents, a violation of R.C. 2919.21(B). Based on the aggregate length of nonsupport during the specified time periods of required payment, specifically the failure to provide support for a total accumulated period of at least 26 out of 104 consecutive weeks, each count constituted a fifth-degree felony pursuant to R.C. 2919.21(G)(1). On May 18, 2016, appellant appeared before the trial court for his arraignment. There, he entered a not guilty plea and indicated his desire to obtain counsel. The trial court ordered appellant to notify it of the retention of counsel within 14 days. On June 14, 2016, appellant filed a motion for a court-appointed attorney accompanied by a financial disclosure/affidavit of indigency form. The trial court did not rule on appellant's motion.[1]

{¶ 3} The matter was set for a change of plea hearing on August 29, 2016. Immediately after the hearing commenced, the trial court stated "[appellant] is pro se. And you wish to proceed without a lawyer?" Appellant responded "[c]orrect."

{¶ 4} Following this initial inquiry, the state represented to the court it had discussed a potential plea agreement with appellant in which appellant would plead guilty to Count 3 of the indictment. Additionally, the state agreed to recommend appellant be

---

[1] The state's brief suggests appellant withdrew this motion at a July 6, 2016 pretrial hearing. However, no withdraw of appellant's request was filed nor is there a subsequent entry regarding the withdrawal of appellant's request for appointed counsel.

2.

entered into the prosecutor's pretrial diversion program for adult offenders pursuant to R.C. 2935.36 pending disposition. The state also agreed to dismiss the remaining two counts upon successful completion of the diversion program or at sentencing should appellant fail to complete the diversion program. The trial court proceeded with a plea colloquy to ensure appellant was "making a knowing, voluntary plea." Throughout the colloquy, appellant verified he understood the rights he was waiving by pleading guilty to a felony.

{¶ 5} Relevant to this appeal, the trial court advised appellant that should he violate the terms of the diversion program he would be found guilty of Count 3 of the indictment and sentenced accordingly. In that event, the court continued, appellant would be prohibited from owning, possessing, or using a firearm in the future. Appellant initially affirmed his understanding of this prohibition but then questioned whether his guilty plea alone would prohibit him from obtaining his concealed carry license after completion of the diversion program. The trial court indicated its belief that since appellant was not a convicted felon until he violated the terms of the diversion program and was sentenced that the prohibition would not apply. The prosecutor stated he did not know whether the prohibition would apply under these circumstances. The trial court then asked the courtroom bailiff for his opinion. The bailiff informed the court that since appellant was not a convicted felon unless he violated the terms of the diversion program and was sentenced that appellant could proceed with obtaining the license despite his guilty plea.

3.

**{¶ 6}** Following the discussion with the bailiff, appellant appeared satisfied with the answer to his questions and the plea hearing continued. The trial court accepted appellant's guilty plea as having been "knowingly and voluntarily made." The trial court approved appellant's acceptance in the pretrial diversion program, ordered appellant to pay court costs, and stayed all further proceedings pending completion of the program.

**{¶ 7}** On September 24, 2018, the state filed a motion for revocation of pretrial diversion. The state alleged appellant violated multiple terms of the diversion program including failing to notify his diversion caseworker of the termination of his employment, failing to notify the Child Support Enforcement Agency of his change in employment, failing to report to the Job Store/One Stop for six hours per week and report that weekly appearance to the Child Support Enforcement Agency, and failing to provide a monthly written report to the Child Support Enforcement Agency on his search for employment. Appellant appeared with counsel at the January 14, 2019 evidentiary hearing on his alleged violations. There, appellant admitted to the violations as described by the state. The trial court referenced appellant's August 29, 2016 guilty plea and found appellant guilty on Count 3 of the indictment. The trial court continued appellant's sentencing pending completion of a presentence investigation.

**{¶ 8}** Appellant again appeared with counsel at his February 28, 2019 sentencing hearing. After providing the parties an opportunity to speak, the trial court accepted the presentence investigation's recommendation and sentenced appellant to 180 days in the Sandusky county jail. The trial court also terminated appellant's participation in the

4.

diversion program as being unsuccessful. At the conclusion of sentencing, the trial court dismissed Counts 1 and 2 of the indictment in accordance with the state's representations at the August 29, 2016 change of plea hearing.

{¶ 9} The trial court's sentencing entry was journalized on March 4, 2019. On March 11, 2019, appellant, proceeding pro se, timely filed a notice of appeal along with a motion for appointment of appellate counsel. The trial court granted appellant's motion and the subsequently-appointed counsel filed an amended notice of appeal on March 25, 2019. Appellant identifies two assignments of error for our review:

1. The trial court erred by accepting the plea of Michael Baughn, Jr. ("Appellant") which was not knowingly, intelligently, or voluntarily made in light of the Trial Court, prosecutor, and courtroom bailiff misleading Appellant during the plea colloquy as to the ramifications of Appellant's acceptance of the plea bargain offer in relation to Appellant's firearm rights.

2. Whether the Trial Court erred by accepting the plea of Appellant without first readvising Appellant that Appellant has the right to be represented by retained counsel or appointed counsel if indigent—as required by Crim.R. 11(C)(1).

## II. Law and Analysis

{¶ 10} Each of appellant's assignments of error relate to the trial court's acceptance of his guilty plea at the August 29, 2016 change of plea hearing. Because

5.

appellant's second assignment of error is dispositive of this appeal, we address that issue first.

{¶ 11} Appellant's second assignment of error argues the trial court erred when it failed to readvise appellant of his right to counsel before accepting his guilty plea. Crim.R. 11(C)(1) provides:

> Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being *readvised* that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.

(Emphasis added.) A defendant's right to counsel in a criminal proceeding is guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution. *See Gideon v. Wainright*, 372 U.S. 335, 342, 83 S.Ct. 792, 9 L.E.2d 799 (1963); *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 22. "Because the right to counsel is a constitutional right, strict compliance with the advisement and waiver requirements is required." *State v. Reece*, 6th Dist. Lucas No. L-17-1314, 2019-Ohio-2259, ¶ 7, citing *State v. Wamsley*, 5th Dist. Ashland No. 15-COA-030, 2016-Ohio-2885, ¶ 10. Therefore, our review of the record focuses on whether the trial court strictly complied with its obligation to readvise appellant of his right to counsel before accepting his guilty plea.

{¶ 12} At appellant's August 29, 2016 plea hearing, the trial court asked appellant whether he wished to "proceed without a lawyer?" Appellant responded "[c]orrect."

6.

Other than a brief reference to not having court-appointed counsel for which costs would need to be imposed at the conclusion of the hearing, the trial court made no further reference to counsel for appellant. Crim.R. 11(C)(1) specifically requires the trial court to "readvise" a defendant of the right to counsel before accepting a guilty plea in a felony case. The change of plea hearing transcript shows the trial court failed to readvise appellant of his right to counsel. A defendant's indication they wish to proceed without counsel or wish to represent themselves is insufficient to satisfy the Crim.R. 11 requirement that defendant be advised of their right to counsel. *See Reece* at ¶ 20, citing *State v. Guess*, 4th Dist. Hocking No. 11CA33, 2014-Ohio-771, ¶ 13. By failing to readvise appellant of his constitutionally guaranteed right to counsel, and thereby failing to obtain a knowing, intelligent, and voluntary waiver of that right, the trial court erred. *Reece* at ¶ 23.

{¶ 13} The state argues the trial court did, in fact, properly advise appellant of his right to counsel in accordance with Crim.R. 11. In support of that argument, the state argues the trial court conducted a thorough and extensive advisement with appellant of his right to counsel at his May 18, 2016 arraignment. The state further argues appellant's appearance with counsel at the January 14, 2019 evidentiary hearing regarding his failure to abide by the terms of the diversion program show he was advised of his right to counsel. Neither argument has merit.

7.

{¶ 14} As to the state's first argument, Crim.R. 10 indeed requires trial courts to advise defendants of their right to counsel at arraignment.[2]  The state argues that this advisement extended to appellant's change of plea hearing over three months later.  As a result, the state argues, the trial court properly advised appellant in accordance with Crim.R. 11(C)(1).  We recently rejected a nearly identical argument.

{¶ 15} In *State v. Reece*, 6th Dist. Lucas No. L-17-1314, 2019-Ohio-2259, the trial court advised Reece of his right to counsel at his arraignment.  *Reece* at ¶ 16.  Approximately ten weeks later, on the day of trial, Reece agreed to enter a guilty plea to one of the pending felony charges and the trial court proceeded with a change of plea hearing.  *Id.* at ¶ 18.  At that hearing, the trial court noted three times the defendant was representing himself.  *Id.*  However, "no reference to [the defendant's] right to counsel or waiver thereof was made."  *Id.*  On appeal, the state argued that Reece, having been advised of that right at his arraignment, was properly readvised of his right to counsel under Crim.R. 11.  *Id.* at ¶ 21.  We disagreed noting that advising a defendant of their right to counsel and obtaining a waiver of that right at an arraignment is valid for purposes of that proceeding only.  *State v. Vordenberge*, 148 Ohio App.3d 488, 493, 774 N.E.2d 278 (1st Dist.2002).  We also noted there was a ten-week delay between Reece's

---

[2] The trial court's acceptance of appellant's initial not guilty plea and subsequent entry indicates appellant was advised of his right to counsel at his arraignment.  No transcript of the arraignment was provided.  Therefore, we presume the validity of that proceeding. *See Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 200, 400 N.E.2d 384 (1980). However, this presumption is immaterial to the resolution of this appeal.

8.

arraignment and the change of plea hearing. *Reece* at ¶ 21. We held that even if Reece was properly advised of his right to counsel at his arraignment, and even if he waived that right at that time, the trial court still did not satisfy Crim.R. 11 because it failed to readvise Reece of his right to counsel at his change of plea hearing following the ten-week delay. *Id.* at ¶ 21. As a result, we reversed the judgment of the trial court.

{¶ 16} We reach the same conclusion here. The change of plea hearing took place on August 29, 2016, over three months after appellant's arraignment. As we held in *Reece,* the trial court cannot rely on its advising appellant of his right to counsel at the arraignment to satisfy its Crim.R. 11(C)(1) obligation to readvise appellant of his right to counsel before accepting his guilty plea. Further, appellant's waiver of the right to counsel at the arraignment was limited to that proceeding and could not be used to show the trial court strictly complied with Crim.R. 11(C)(1) at the change of plea hearing. For these reasons, we find the state's argument regarding appellant's waiver of the right to counsel at his arraignment as extending to his change of plea hearing to be unpersuasive.

{¶ 17} The state's second argument also lacks merit. The state argues that appellant's apparent knowledge of his right to counsel through the pretrial proceedings and his appearance with counsel at the January 14, 2019 evidentiary hearing, more than two years after appellant's guilty plea, shows the trial court substantially complied with the requirements of Crim.R. 11(C)(1). For this argument, the state relies on *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990), to argue the totality of circumstances, including appellant's retention of counsel in 2019, allows for a conclusion that

9.

Crim.R. 11(C)(1) was satisfied. This argument is misplaced. The holding in *Nero* allows appellate courts to determine a trial court substantially complied with Crim.R. 11 based on a totality of the circumstances. *Nero* at 108. However, this substantial compliance review is limited to the trial court's duty to advise a defendant of nonconstitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14-18, citing *State v. Ballard*, 66 Ohio St.2d, 479, 423 N.E.2d 115 (1981). When reviewing a trial court's compliance with Crim.R. 11(C) as it relates to advising a defendant of their constitutional rights, a trial court must strictly comply with the rule's requirements. *Id.*

{¶ 18} Appellant's right to counsel is guaranteed by both the U.S. and Ohio Constitutions. *Reece* at ¶ 7; Sixth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 10. Crim.R. 11(C)(1) requires a trial court to *readvise* a defendant of their right to counsel before accepting a guilty plea in a felony case. Therefore, to strictly comply with Crim.R. 11(C)(1), the trial court was required to readvise appellant of his right to counsel at the change of plea hearing. The complete lack of reference to appellant's right to counsel at the plea hearing, or waiver thereof, reveals the trial court's failure to strictly comply with Crim.R. 11(C)(1). *Reece* at ¶ 19. The state's argument regarding substantial compliance is inapplicable to this issue.

{¶ 19} Under Crim.R. 11(C)(1), the trial court was obligated to readvise appellant of his right to counsel before accepting his guilty plea to a felony charge. The failure to do so constitutes error and requires reversal of the trial court's judgment.

10.

### III. Conclusion

**{¶ 20}** We find appellant's second assignment of error well-taken and the February 28, 2019 judgment of the Sandusky County Court of Common Pleas is reversed. Appellant's conviction is hereby vacated and we remand this matter for further proceedings in accordance with this decision. In light of this decision, appellant's first assignment of error is moot and we decline to address it. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed,
vacated and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.