**[Cite as *State v. Jensen*, 2021-Ohio-3505.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-20-1042

    Appellee                                    Trial Court No. CR0201701299

v.

David Raymond Jensen                **DECISION AND JUDGMENT**

    Appellant                                    Decided:  September 30, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

John A. Brikmanis, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common

Pleas, which denied appellant's applications for postconviction relief.  For the reasons set

forth below, this court affirms the judgment of the trial court.

## I. Background

{¶ 2} On November 15, 2017, following submittal of guilty pleas pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the trial court accepted the guilty pleas and found appellant David Raymond Jensen guilty of two counts of gross sexual imposition, each a violation of R.C. 2907.05(A)(4) and (B) and a third-degree felony. The offenses dated back to 1992 when the two victims were under the age of 13 years. By order journalized on January 16, 2018, the trial court sentenced appellant to serve a total of five years of incarceration. Appellant appealed his convictions and sentence, and this court affirmed the judgment of the trial court. *State v. Jensen*, 6th Dist. Lucas No. L-18-1034, 2019-Ohio-2474, ¶ 63, *appeal not allowed,* 157 Ohio St.3d 1408, 2019-Ohio-3731, 131 N.E.3d 85.

{¶ 3} Then on March 7, 2019, appellant filed three motions with the trial court collectively seeking postconviction relief, which appellee, the state of Ohio, opposed. The motions are entitled, "Petition to Vacate or Set Aside Judgment of Conviction or Sentence, Evidentiary Hearing Requested," "Motion for Expert Assistance," and "Motion for Appointment of Counsel." While his postconviction relief motions were pending, appellant filed a "Motion to Dismiss with Prejudice," as subsequently supplemented, on November 5, 2019, again seeking postconviction relief, which appellee also opposed. Finally, on January 2, 2020, appellant sought further postconviction relief by filing a "Motion for Discovery" and a "Motion to Strike," which appellee did not oppose.

2.

**{¶ 4}** By judgment entry journalized on January 24, 2020, the trial court denied appellant's six motions for postconviction relief. Appellant appealed[1] and set forth two assignments of error:

FIRST ASSIGNMENT OF ERROR: Trial Court erred to the prejudice of the Appellant during the plea hearing of November [15], 2017[.] Court fails to use the law at the time of the offense.

SECOND ASSIGNMENT OF ERROR: Delay in indictment was prejudicial.

## II. *Alford* Pleas and Sentencing

**{¶ 5}** In support of his first assignment of error, appellant argues the trial court erred in accepting his November 15, 2017 *Alford* guilty pleas because they were not made knowingly, although he admits they were made voluntarily. Appellant argues that the trial court's off-record statement "that he was facing a 100 year sentence" prejudiced his decision to make an *Alford* guilty plea and accept appellee's offer of a five-year sentence for both offenses. Appellant further argues that because of "early release benefits under the 1992 sentencing guidelines," he would be "eligible for release as early as May of 2020." Appellant finally argues that the trial court erred by requiring him "to register as a sex offender under the 1992 statues as Megan's Law and the Adam Walsh Act were not in effect at that time." Appellant seeks either reversal of his conviction and

---

[1] On September 22, 2021, appellant's appellate counsel filed a motion to withdraw representation of appellant citing differences making "further representation not possible."

3.

sentence "or in the alternative that his sentence be adjusted to permit 30% good time, 90 day shock probation, 90 day educational credit and early release availability."

{¶ 6} Postconviction relief is governed by R.C. 2953.21, and is not a constitutional right. *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, 51 N.E.3d 620, ¶ 28. "A postconviction proceeding is not an appeal of a criminal conviction but, rather, is a collateral, civil attack on a criminal judgment." *Id.* We review the trial court's decision to deny appellant's applications for postconviction relief for an abuse of discretion. *Id.* at ¶ 30. We will not reverse the trial court's determination if there is competent and credible evidence in the record to support it. *Id.*

{¶ 7} In its January 24, 2020 journalized decision, the trial court identified five claims advanced by appellant for postconviction relief: "1) 'Amendment XIV Prejudice; delay in seeking indictment. 13 year delay'; 2) 'Ineffective assistance of counsel'; 3) 'Wrong Jurisdiction'; 4) 'False indictment, Malicious prosecution'; and 5) 'Coercion by the Judge and Attorney Popil to plead guilty.'" The trial court determined that appellant's five claims for postconviction relief were unsupported by evidence in the record or by evidence attached to appellant's applications. The trial court further determined that all of appellant's claims for postconviction relief "were either raised or 'could have been raised * * * on direct appeal'" and are barred by the doctrine of res judicata, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). We agree.

{¶ 8} Appellant presents in this appeal either identical or substantially similar claims for postconviction relief, and this court previously addressed and rejected

4.

appellant's various claims on direct appeal, *Jensen*, 6th Dist. Lucas No. L-18-1034, 2019-Ohio-2474, and on appellant's request for reconsideration, *State v. Jensen*, 6th Dist. Lucas No. L-18-1034, (Aug. 9, 2019). Matters in appellant's postconviction applications that he should have raised before the trial court or on direct appeal are now barred by the doctrine of res judicata. *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997). To the extent appellant now argues new grounds for postconviction relief in this appeal, those arguments are not properly before us. *State v. Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156, 145 N.E.3d 278, ¶ 25; App.R. 9(A)(1).

{¶ 9} We find the record contains competent and credible evidence to support the trial court's denial of appellant's postconviction applications. The trial court's attitude was not unreasonable, arbitrary or unconscionable, and the trial court did not abuse its discretion, when it denied appellant postconviction relief.

{¶ 10} Appellant's first assignment of error is not well-taken.

### III. Preindictment Delay

{¶ 11} In support of his second assignment of error, appellant argues that the 25-year delay between the 1992 offenses and his 2017 indictments prejudiced him. Specifically, appellant argues he was "materially prejudiced" in the ensuing 25 years by: (1) the running of the statute of limitations, (2) unreliable memories of the youngest victim, who was either two or three years old at the time, whose brain was not yet "fully myelinated" at the time of the incidents, (3) venue disputes between Lucas and Wood Counties, (4) "no physical evidence, no genetics, no collaboration," and (5) the

5.

Perrysburg police "intentionally decid[ing] not to pursue the matter." Appellant concedes "the Alford plea of guilty waives the venue argument," but argues his guilty plea "does not obviate intentional pre-indictment delay." Appellant argues the trial court must first address the pre-indictment delay before accepting his *Alford* guilty pleas as voluntary and intelligently made.

{¶ 12} Preindictment delay violates due process when actual prejudice and unjustified delay are shown in the record. *State v. Adkins*, 6th Dist. No. WD-16-042, 2018-Ohio-2588, 115 N.E.3d 887, ¶ 10. If the defendant successfully presents evidence of actual prejudice, then the burden shifts to the prosecution to present evidence justifying the delay. *Id.* The actual prejudice factor is scrutinized "'vis-à-vis the particular evidence that was lost or unavailable as a result of the delay and, in particular, considered the relevance of the lost evidence and its purported effect on the defense.'" *Id.* at ¶ 21, quoting *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, ¶ 23. "Actual prejudice exists when missing evidence or unavailable testimony, identified by the defendant and relevant to the defense, would minimize or eliminate the impact of the state's evidence and bolster the defense." *Jones* at ¶ 28.

{¶ 13} The record shows that appellant previously challenged the delayed indictment in his August 14, 2017 motion to dismiss arguing that the applicable statute of limitations for the six indicted offenses had run. Appellee opposed the motion, and the hearing on the motion was held on September 11, 2017. Appellant argued the six-year statute of limitations under R.C. 2901.13(A)(1), in effect in 1992, began running on June

6.

30, 1992, the last incident date involving the two victims, and expired on July 1, 1998. Appellant further argued no tolling provision extended the foregoing six-year period beyond March 9, 1999, when the statute of limitations period under R.C. 2901.13(A)(3)(a) was extended from six to 20 years. Appellant argued that because the victims' mother was aware of appellant's alleged criminal conduct as early as 1993, R.C. 2919.22(A) and 2151.421 required the mother to report the alleged abuse, and her failure to do so did not toll former R.C. 2901.13(A)(1).

{¶ 14} The trial court disagreed with appellant's arguments. In its decision journalized on September 29, 2017, the trial court determined that R.C. 2901.13(J) controlled. The victims did not reach the age of majority prior to March 9, 1999 under R.C. 2901.13(J)(1), and the parent of the victims is specifically exempted by the state legislature from the reporting requirements under R.C. 2901.13(J)(2). As a result, the statute of limitations had not yet run as of the March 9, 1999 amendments to R.C. 2901.13(A)(3)(a), and the trial court denied appellant's motion to dismiss the indictments. The applicable statute of limitations is "'the primary guarantee against bringing overly stale criminal charges.'" (Citation omitted.) *United States v. Marion*, 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). We find no error in the trial court's determination.

{¶ 15} We further find appellant does not meet his initial burden of showing actual prejudice. First, the hearsay evidence printed from the internet appellant attaches to his brief to question the reliability of the memory of the youngest victim is not part of the

7.

record.  App.R. 9(A)(1).  Second, the evidence in the record appellant otherwise points to has been previously argued and addressed by this court on direct appeal, and on reconsideration of that direct appeal decision, whereby we affirmed the trial court's judgment of conviction and sentencing.  Third, to the extent previously not addressed by this court, appellant's current preindictment delay claim was waived when he entered his guilty pleas.  *State v. Cruz*, 8th Dist. Cuyahoga No. 107174, 2019-Ohio-792, ¶ 6, citing *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 105 and *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus.

{¶ 16} The record shows that after ongoing discovery between the parties, on November 15, 2017, appellant changed his pleas from not guilty to guilty pursuant to *Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.  "An *Alford* plea is '[a] guilty plea that a defendant enters as part of a plea bargain without admitting guilt.'" *Akron Bar Assn. v. Fortado*, 159 Ohio St.3d 487, 2020-Ohio-517, 152 N.E.3d 196, ¶ 17, fn. 1, quoting *Black's Law Dictionary* 86 (10th Ed.2014) and citing *Alford*.

{¶ 17} This court has consistently held that an *Alford* plea is a guilty plea and waives all alleged errors committed prior to the entry of the plea except for Crim.R. 11 errors affecting the entry of the guilty plea.  *State v. Reece*, 6th Dist. Lucas No. L-17-1314, 2019-Ohio-2259, ¶ 5.  For the foregoing reasons, and because we previously found in his direct appeal no such Crim.R. 11 errors, appellant has not presented this court with any reversible error.

{¶ 18} Appellant's second assignment of error is not well-taken.

8.

## III.  Conclusion

**{¶ 19}** On consideration whereof, we find that substantial justice has been done in this matter.  The judgment of the Lucas County Court of Common Pleas is affirmed. Counsel for appellant's Motion to Withdraw Representation filed September 22, 2021, is found well-taken and granted.  The clerk shall serve the parties. Service on appellant: David R. Jensen, A741194, P.O. Box 57, Marion, OH 43301. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.  
_____  
JUDGE

Christine E. Mayle, J.  

Myron C. Duhart, J.  
_____  
JUDGE

CONCUR.

_____  
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

9.