[Cite as *State v. Belt*, 2020-Ohio-1302.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. 2019-CA-0082 |
| MARK BELT | |
|     Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:    Appeal from the Richland County Court of Common Pleas, Case No. 2019-CR-0362

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    March 31, 2020

APPEARANCES:

For Plaintiff-Appellee

GARY BISHOP
Prosecuting Attorney
Richland County, Ohio

JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio  44902

For Defendant-Appellant

WILLIAM T. CRAMER
470 Old Worthington Road
Suite #200
Westerville, Ohio  43082

*Hoffman, P.J.*

{¶1} Defendant-appellant Mark Belt appeals his convictions and sentence entered by the Richland County Court of Common Pleas, on one count of aiding and abetting the illegal assembly or possession of chemicals for the manufacture of methamphetamine and one count of possession of criminal tools, following a jury trial. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} Officer David Rowland of the Ontario Police Department was on routine patrol during the midnight shift on April 26, 2019, when he initiated a stop of Appellant's vehicle after observing Appellant driving erratically. The officer ran Appellant's license and learned he had twelve open driver's license suspensions. Officer Rowland advised Appellant he was not permitted to drive, he would be cited, and his vehicle would be towed. During an inventory search of the vehicle, Officer Rowland found a number of items which, when taken together, appeared to be a functional methamphetamine lab. Appellant was arrested and transported to the Ontario Police Department for booking.

{¶3} On May 24, 2019, the Richland County Grand Jury indicted Appellant on one count of aiding and abetting the illegal assembly or possession of chemicals for the manufacture of methamphetamine, in violation of R.C. 2925.041(A), a felony of the third degree; and one count of possession of criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree. Appellant appeared before the trial court for arraignment on June 6, 2019, and entered pleas of not guilty to the charges. The trial court appointed Attorney Randall Fry to represent Appellant. The matter proceeded to jury trial on July 22, 2019.

**{¶4}** At the start of the second day of trial, the trial court, outside the presence of the jury, stated it had been advised Appellant wanted a new attorney. The trial court addressed Appellant, explaining Attorney Fry was appointed and Appellant could not fire appointed counsel. The trial court added, as the trial had already started, it was too late for Appellant to fire Attorney Fry and "Attorney Fry is representing you." Tr. Vol. II at 187. The trial court discussed the role of Attorney Fry as defense counsel, and the role of the prosecutor. The trial court also explained the manner in which a trial is conducted. The trial court stated it was in Appellant's best interests to proceed with Attorney Fry representing him. After a protracted discussion, the jury was brought in and testimony continued. Appellant conferred with Attorney Fry throughout the remainder of the trial.

**{¶5}** After hearing all the evidence and deliberating, the jury found Appellant guilty as charged. Appellant appeared before the trial court for sentencing on July 25, 2019. The trial court imposed an aggregate prison term of 48 months. The trial court memorialized Appellant's convictions and sentence via Sentencing Entry filed July 29, 2019.

**{¶6}** It is from this entry Appellant appeals, raising the following assignment of error:

> THE TRIAL COURT VIOLATED APPELLANT'S SIXTH AMENDMENT RIGHT TO WAIVE COUNSEL AND REPRESENT HIMSELF.

{¶7}   A criminal defendant has a constitutional right to represent himself at trial. *State v. Johnson*, 112 Ohio St.3d 210, 858 N.E.2d 1144, 2006–Ohio–6404, ¶ 89, citing *Faretta v. Cal.* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. A defendant may proceed without counsel if the defendant has made a knowing, voluntary, and intelligent waiver of the right to counsel. *State v. Martin*, 103 Ohio St.3d 385, 816 N.E.2d 227, 2004– Ohio–5471, ¶24.  See, also, Crim.R. 44(A) (defendant may forgo counsel after being fully advised, knowingly, intelligently, and voluntarily waives right to counsel). A criminal defendant must "unequivocally and explicitly invoke" the right to self-representation. *State v. Cassano,* 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 38.  Requiring that a request for self-representation be both unequivocal and explicit helps to ensure a defendant will not "tak[e] advantage of and manipulat[e] the mutual exclusivity of the rights to counsel and self-representation." *United States v. Frazier–El,* 204 F.3d 553, 559 (4th Cir.2000).  For this reason, courts must "indulge in every reasonable presumption against waiver" of the right to counsel. *Brewer v. Williams,* 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977).

{¶8}   To establish an effective waiver of the right to counsel, the trial court must make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. *Johnson*, supra at ¶ 89, quoting *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus; Martin at ¶ 39. However, the United States Supreme Court has not prescribed a precise formula or script to be read to a defendant who indicates he desires to proceed without counsel. *Johnson*, supra at ¶ 101.  To be valid, a waiver of the right to counsel must be made with an apprehension of the nature of the charges, the statutory offenses included within them,

the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. *Martin*, supra at ¶ 40, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948); *State v. Suber*, 154 Ohio App.3d 681, 798 N.E.2d 684, 2003–Ohio–5210, ¶ 15.  A trial court must make a defendant aware "of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open'." *State v. Montgomery*, 10th Dist. No. 02AP–927, 2003–Ohio–2888, ¶ 14, quoting *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541.

{¶9}    At the start of the second day of trial, the trial court, outside the presence of the jury, stated it had been advised Appellant wanted a new attorney. The trial court addressed Appellant, explaining Attorney Fry was appointed and Appellant could not fire appointed counsel.  The trial court added, as the trial had already started, it was too late for Appellant to fire Attorney Fry and "Attorney Fry is representing you."  Tr. Vol. II at 187.

{¶10} Appellant responded:

* * * what I would like to say, you know, on the record is that, you know, Fry is a good lawyer.  I'm just very well spoken, very well spoken. I've done my homework and research, and my attorney kind of stutters and fumbles with his words.  I think since my freedom is on the line, I may be the best person to represent myself.  I do know the law quite a bit.  * * * That being said, I did write up a very detailed explanation, and my lawyer was going to approach and speak to you about it.  And I have no idea what he

says when he is up there with you.  You know what I mean?  I feel kind of left out.  Tr. Vol. II at 188.

**{¶11}**  The trial court replied, "I think you do understand, I think, the law, but he knows it better.  He knows the language.  He's going to be able to discuss the elements of the offense easier than you are.  But I also think he can have you testify and the jury is going to get to hear the information that you want them to know."  Tr. Vol. II at 189.

**{¶12}**  Appellant continued:

I have no personal animosity with anyone.  In fact, I'm a big supporter of justice.  That being said, I do have – you know, you know, I'm a very powerful reader.  I know I can write.  I can read very powerfully.  You know, this here is a joke.  It's a travesty.  And it does go quite well with my defense.  Everything that is being used against me will spoil my defense * * * You know, if my lawyer doesn't want to represent me properly or he's afraid or, you know, something like that, you know, this is my life.  And I also have a thing on my list that if I – I want you to know that I feel I am being railroaded, and I will speak and I will not be stopped.  I don't want to make a mockery of the courtroom.  Tr. Vol. II at 190-191.

**{¶13}**  When the trial court asked Appellant if he had any issues with Attorney Fry, Appellant indicated he did not.  Appellant simply expressed his opinion he could do a

better job.  After allowing Appellant to speak his mind, the trial court resumed the proceedings.

{¶14}  Upon review of the record, including reading the transcript portions relative hereto, we find Appellant did not waive his right to counsel or unequivocally invoke his right to self-representation.  Although Appellant certainly made statements to the effect he would like to actively participate in his defense, he never unequivocally stated he wished to waive his right to counsel.  Accordingly, we find the trial court did not violate Appellant's Sixth Amendment right to waive counsel and represent himself.

{¶15}  Appellant's sole assignment of error is overruled.

{¶16}  The judgment of the Richland County Court of Common Pleas is affirmed.


By: Hoffman, P.J.

Baldwin, J.  and

Wise, Earle, J. concur