[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Jones*, Slip Opinion No. 2020-Ohio-4031.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4031

THE STATE OF OHIO, APPELLEE, *v*. JONES, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Jones*, Slip Opinion No. 2020-Ohio-4031.]**

*Criminal law—Standby counsel—Waiver of right to trial counsel—Motion to supplement the record—Cause remanded to court of appeals for consideration, upon review of supplemented record, of the issue whether appellant knowingly, intelligently, and voluntarily waived right to trial counsel.*

(No. 2019-0395—Submitted February 26, 2020—Decided August 13, 2020.)

APPEAL from the Court of Appeals for Sandusky County,

No. S-18-013, 2019-Ohio-301.

_____

{¶ 1} On February 18, 2020, appellant, Hayward Jones, filed in this court a motion to supplement the record with the transcript of the August 19, 2016 hearing in Sandusky C.P. case Nos. 15CR942 and 15CR1040, during which Jones signed a waiver of his right to trial counsel. The transcript was not included in the record

considered by the Sixth District Court of Appeals below, and its absence from the record was the basis for the court of appeals' judgment overruling Jones's argument that he did not knowingly, intelligently, and voluntarily waive his right to counsel. 2019-Ohio-301, ¶ 22 ("we must presume the regularity of the proceedings and conclude the court acted appropriately in accepting appellant's waiver of counsel").

{¶ 2} Jones states in his motion to supplement that the transcript was not initially available because the court reporter was not present during the hearing and the audio recording of the hearing was unavailable due to a ransomware attack on the court's computer system. Jones states that his counsel again requested the transcript in anticipation of oral argument in this court and was informed that the recording had become available. Jones attached the transcript of the hearing, which was created on February 7, 2020, to his motion to supplement along with a certification by the court reporter that the transcript is true and complete.

{¶ 3} On February 25, 2020, this court denied Jones's motion to supplement. 158 Ohio St.3d 1416, 2020-Ohio-630, 140 N.E.3d 727. On further consideration, this court's denial of Jones's motion to supplement is vacated, Jones's motion to supplement the record with the transcript of the August 19, 2016 hearing is granted, and the record is deemed supplemented with the transcript of the hearing attached to Jones's motion to supplement. It is a given that the court of appeals was not privy to the complete record of the August 19, 2016 hearing. It is necessary, now that the transcript is part of the record, for the court of appeals to review that once missing transcript and render an opinion on the issue whether Jones knowingly, intelligently, and voluntarily waived his right to counsel. The determination of the validity of Jones' waiver of counsel must be answered prior to this court's examination of the proposition of law accepted for review: "A trial court's failure to make standby counsel available during voir dire constitutes structural error, is deemed prejudicial per se, and requires automatic reversal

because it deprives a defendant of the right to counsel at a critical stage of trial." *See* 155 Ohio St.3d 1467, 2019-Ohio-2100, 122 N.E.3d 1290.

{¶ 4} This cause is remanded to the Sixth District to consider, upon its review of the supplemented record, the issue whether Jones knowingly, intelligently, and voluntarily waived his right to trial counsel.

So ordered.

O'CONNOR, C.J., and FRENCH and STEWART, JJ., concur.

DONNELLY, J., concurs, with an opinion.

KENNEDY, J., dissents, with an opinion joined by FISCHER and DEWINE, JJ.

––––––––––––––––––

**DONNELLY, J., concurring.**

{¶ 5} I join the majority's decision to grant appellant Hayward Jones's motion to supplement the record with the transcript of the August 19, 2016 hearing in Sandusky C.P. case Nos. 15CR942 and 15CR1040, and in the majority's decision to remand this cause to the Sixth District Court of Appeals to consider, upon its review of the supplemented record, whether Jones knowingly, intelligently, and voluntarily waived his right to counsel. I write separately to address the dissenting opinion's criticisms of those decisions, which I believe misrepresent the action and import of the decisions.

{¶ 6} In particular, the dissenting opinion criticizes the majority for vacating this court's prior judgment denying Jones's motion to supplement the record with the August 19, 2016 transcript and for now granting the motion to supplement. The dissent contends that Jones's motion to supplement the record was properly denied and that Jones had failed to take appropriate, timely steps to assure that the transcript was a part of the record. In my view, the dissent's criticisms are not well founded.

{¶ 7} S.Ct.Prac.R. 15.08 provides:

> If any part of the record is not transmitted to the Supreme Court but is necessary to the Supreme Court's consideration of the questions presented on appeal, the Supreme Court, sua sponte or on motion of a party, may direct that a supplemental record be certified and transmitted to the Clerk of the Supreme Court in accordance with S.Ct. Prac.R. 15.03(B).

{¶ 8} The dissent says that the August 19, 2016 transcript is not necessary for us to decide whether the trial court committed structural error in denying Jones the assistance of standby counsel during jury selection. But the trial court's authority to appoint standby counsel in the first place necessarily depended on its predicate determination that Jones knowingly, intelligently, and voluntarily waived his right to counsel and elected to represent himself pursuant to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). There could not properly have been an appointment of standby counsel if Jones did not properly waive his right to counsel. The supplementation of the record with the transcript of the hearing at which that critical determination was made and a determination whether Jones knowingly, intelligently, and voluntarily waived his right to counsel is necessary to our consideration of the question that we accepted for review. In my view, the proper consideration of this case justifies the supplementation of the record as authorized by S.Ct.Prac.R. 15.08.

{¶ 9} If Jones's knowing, intelligent, and voluntary waiver of his right to counsel were not a predicate issue in this case, one wonders why the dissenting opinion would include a description of what happened at the August 19, 2016 hearing. The dissent summarily states that during that hearing "Jones asked the trial court to discharge his appointed counsel and allow him to represent himself. The trial court acknowledged Jones's right to self-representation, excused his defense counsel, and issued a judgment entry signed by Jones" stating that he had

4

elected to represent himself and discharge his appointed counsel. Dissenting opinion at ¶ 23. If we are to accept the dissenting opinion's characterization of the record, does the actual transcript of the proceeding not warrant review?

{¶ 10} The dissent is wrong in suggesting that we are addressing issues that were not presented in a proposition of law accepted for review by this court. Seemingly unconcerned with whether Jones actually knowingly, intelligently, and voluntarily waived his right to counsel, the dissent sees this case as "simply the vehicle" to address an abstract issue of constitutional law. *Id.* at ¶ 38. But that constitutional question is inescapably dependent upon a valid waiver of the right to counsel. And I do not believe that it is wise to render decisions on questions of constitutional law in a vacuum before the facts necessary for a determination of those questions have been fully considered.

{¶ 11} Perhaps more fundamentally, our decisions to grant Jones's motion to supplement the record and to remand to the court of appeals do *not* address the merits of an issue that was not presented to us and do *not* consider the merits of a claimed error based on missing portions of the record. To the contrary, we are consciously and deliberately refraining from addressing the merits of any of those issues so that the court of appeals can appropriately consider them in the first instance. The dissent's suggestion that we have implicitly overruled any of our prior decisions is at best a fundamental misinterpretation of our decisions today.

{¶ 12} The dissenting opinion claims that our decision to grant Jones's motion to supplement the record pursuant to S.Ct.Prac.R. 15.08 overrules 19 cases "sub silentio" and eviscerates "the import" of App.R. 9(C), dissenting opinion at ¶ 45, a permissive rule of appellate procedure. The dissenting opinion suggests that the 19 cases it cites (without parenthetical explanation) stand for a rule that we must refuse "to consider the merits of any claimed error based on missing portions of the record." *Id.* at ¶ 41. But a simple review of those cases reveals that they do not support the harsh refusal-to-consider-on-the-merits result that the dissent claims

they do. And quantity does not supersede substance. In *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 159-160, we declined to reverse the defendant's convictions due to missing portions of the record because the record as it existed was "adequate for appellate review." In *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 160-163, we determined that the appellant had made no specific arguments on appeal and failed to make the necessary showing of prejudice regarding the contents of charts missing from the record that were used by the prosecution during voir dire. In *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 184, this court held that it was clear from the transcript included in the record that subjects discussed during unrecorded conferences were not crucial and not "vital to appellate review." And in *State v. Nields*, 93 Ohio St.3d 6, 27, 752 N.E.2d 859 (2001), we determined that conferences not transcribed and included in the record "dealt with ministerial scheduling matters such as when to break or adjourn for the day" and therefore overruled the defendant's claimed error based on the incomplete record. The dissenting opinion's claims about the impact of our decision to permit supplementation of the record in this case are overstated.

{¶ 13} The dissent faults Jones for not having taken appropriate steps to include the transcript of the August 19, 2016 hearing in the record. In my view, the dissent's criticisms on that issue are likewise without merit. To be sure, the praecipe Jones filed in the court of appeals requested a transcript of the November 23, 2016 final pretrial hearing and the December 2016 trial proceedings but did not request a transcript of the August 19, 2016 hearing. But the record before us provides at least two plausible reasons why no such request was made.

{¶ 14} First, the docket of proceedings identifies the August 19, 2016 hearing as one for a "change of plea." And a review of the now-available transcript of those proceedings reflects that while Jones had been expected to change his not-guilty plea, his disenchantment with his appointed counsel's representation caused

him to resist the change of plea.  In any case the entry on the appearance docket assuredly does not suggest that the August 19, 2016 hearing had been scheduled as a waiver-of-counsel or *Faretta* self-representation hearing.

{¶ 15} Second, Jones states in his motion to supplement that the court reporter had initially indicated that no transcript of the hearing was available. Given the apparent unavailability of the record of those proceedings, the absence of a formal request by Jones for the transcript is not particularly surprising.

{¶ 16} The dissent maintains that Jones, with newly appointed appellate counsel, could have attempted to reconstruct the record of those proceedings for the court of appeals by using the permissive procedures described in App.R. 9(C)(1). Regardless of the arguable efficacy of such record reconstruction, we now know that a record of those proceedings did exist and is now available for the court of appeals to consider.  Indeed, the dissent even acknowledges that the court of appeals could consider this transcript if Jones were to file a delayed application to reopen his direct appeal on the basis of ineffective assistance of appellate counsel under App.R. 26(B).  Because the case is now before us, supplementation of the record pursuant to S.Ct.Prac.R. 15.08 is within our discretion and is a pragmatic means in these peculiar, if not unique, circumstances to complete the record for the court of appeals to consider.

{¶ 17} Finally, in my view, this court's proceeding to address the merits of the proposition of law that we accepted for review as urged by the dissent without any consideration of the August 19, 2016 transcript would be seriously ill-advised. The dissent would have us decide now whether the trial court committed structural error in denying Jones the assistance of standby counsel during jury selection.  But if Jones were to successfully reopen his direct appeal on the basis of ineffective assistance of appellate counsel under App.R. 26(B) and the court of appeals— having the benefit of reviewing the August 19, 2016 transcript—were to determine that Jones did *not* knowingly, intelligently, and voluntarily waive his right to

counsel out of the desire to represent himself pursuant to *Faretta*, we would have decided an issue of constitutional import that was predicated entirely on a false factual premise.

{¶ 18} While the manner in which this case developed may not have been ideal, our decisions today merely make a complete record so that the important issues involved may be given full and fair consideration by the court of appeals. I accordingly concur in full with the majority's decisions.

_____

**KENNEDY, J., dissenting.**

{¶ 19} If the majority were to be supplementing the record in order for this court to decide the issue currently before us regarding the denial of standby counsel, I would agree that its decision today would be permitted by S.Ct.Prac.R. 15.08. However, that is not the case.

{¶ 20} The majority has ordered the record supplemented in order to reopen the appeal in the Sixth District Court of Appeals and give appellant, Hayward Jones, a second opportunity to litigate a different issue concerning the validity of his waiver of his right to counsel. Such an order is not permitted by S.Ct.Prac.R. 15.08.

{¶ 21} Rather, Jones was required to use the procedure for reconstructing the record provided by App.R. 9 so that the court of appeals could review the validity of his waiver of counsel in the first instance. He did not take advantage of that procedure, and as a result, the appellate court properly presumed the regularity of the proceedings. Whether Jones's waiver of counsel was valid is an issue beyond the scope of the single proposition of law that we accepted for review and is not properly before us now.

{¶ 22} Because I would decide this case based on the record considered by the Sixth District below and the single proposition of law we accepted for review, I dissent from the majority's decision today vacating, sua sponte, this court's prior order denying Jones's motion to supplement the record with the transcript of the

August 19, 2016 hearing in Sandusky C.P. case Nos. 15CR942 and 15CR1040, granting that motion, and remanding this matter to the court of appeals to give Jones a second chance to litigate the validity of his waiver of his right to trial counsel.

**Facts and Procedural History**

{¶ 23} The state charged Jones with numerous counts of drug-related offenses stemming from his alleged involvement with a criminal organization that operated in Fremont, Ohio. The trial court appointed defense counsel, and after several continuances, a jury trial was set for August 25, 2016. At a pretrial hearing on August 19, 2016, Jones asked the trial court to discharge his appointed counsel and allow him to represent himself. The trial court acknowledged Jones's right to self-representation, excused his defense counsel, and issued a judgment entry signed by Jones stating the following: "Defendant this day has elected to represent himself at jury trial scheduled for 8/25/16 and to discharge his appointed counsel * * *. Defendant by his signature below knowingly makes this constitutional decision to represent himself."

{¶ 24} At the final pretrial hearing on November 23, 2016, Jones appeared without counsel. The trial court denied his requests for a continuance and for appointed counsel, stating that it was "not going to permit Mr. Jones to further manipulate the Court and continue this matter any further." However, the trial court asked the attorney who had previously been appointed to represent Jones to sit as standby counsel, "not as Mr. Jones'[s] attorney, but as a source of information if Mr. Jones continues to insist on representing himself."

{¶ 25} The case proceeded to a jury trial on December 1, 2016, and before trial began Jones renewed his request for appointed counsel. The trial court responded that Jones had chosen to exercise his right to represent himself and that the case was going to trial because it was already more than a year old. Standby counsel was not present in the courtroom for the beginning of trial, but the court

told Jones that standby counsel "is going to be here after the jury is selected. He'll be sitting in the back * * * [i]f you feel you need him * * *."

{¶ 26} Accordingly, Jones did not have the assistance of standby counsel during voir dire. After the state presented its opening statement, the court recessed until standby counsel arrived. Outside the presence of the jury, standby counsel agreed to sit at the defense table with Jones, but he clarified that he was not representing Jones and was not prepared to represent him at trial.

{¶ 27} After the presentation of evidence and closing arguments, the jury found Jones guilty of all charges and the trial court imposed an aggregate sentence of 13 years in prison.

{¶ 28} The Sixth District affirmed the trial court's judgment in part and reversed and vacated it in part. 2019-Ohio-301, ¶ 1. Relevant here, it rejected Jones's claim that he had not knowingly, intelligently, and voluntarily waived his right to counsel. *Id*. at ¶ 23. The court of appeals noted that there was no transcript in the record before it of the hearing at which Jones waived his right to counsel: "Our review of appellant's praecipe to the trial court clerk shows *no request for* [*a*] *transcript of the hearing*. Therefore, we must presume the regularity of the proceedings and conclude the court acted appropriately in accepting appellant's waiver of counsel." (Emphasis added.) *Id*. at ¶ 22. The court of appeals also determined that the trial court did not commit reversible error by appointing standby counsel, had not prevented Jones from participating in voir dire, and did not err by failing to ensure that standby counsel was present during voir dire. *Id*. at ¶ 28, 37, 39. However, it reversed and vacated Jones's convictions for one count of first-degree-felony cocaine trafficking, three counts of second-degree-felony conspiracy, one third-degree-felony count of cocaine trafficking, and four fifth-degree-felony counts of cocaine trafficking. *Id*. at ¶ 93, 175, 210. It then modified the trial court's judgment to impose an aggregate sentence of 11 years in prison. *Id*. at ¶ 210.

{¶ 29} In his memorandum in support of jurisdiction in this court, Jones presented six propositions of law. Not one of them expressly challenged, or could be construed as challenging, the court of appeals' decision that Jones knowingly, intelligently, and voluntarily waived his right to counsel. The only proposition of law tangentially related to that matter included a claim that Jones had revoked his waiver of counsel. But even that issue was never addressed on appeal.

{¶ 30} We agreed to review only a single proposition of law: "A trial court's failure to make standby counsel available during voir dire constitutes structural error, is deemed prejudicial per se, and requires automatic reversal because it deprives a defendant of the right to counsel at a critical stage of trial." *See* 155 Ohio St.3d 1467, 2019-Ohio-2100, 122 N.E.3d 1290. The parties fully briefed that issue and we scheduled the case for oral argument on February 26, 2020.

**Request to Supplement the Record**

{¶ 31} Eight days before oral argument, Jones moved to supplement the record with the transcript of the August 19, 2016 hearing at which he had waived his right to trial counsel. According to Jones's motion to supplement,

> When the undersigned counsel for Appellant initially requested a copy of this transcript from the court reporter for the Sandusky County Court of Common Pleas, * * * he was informed that she was not present in the courtroom on the date [of] the hearing and that the audio recording of these proceedings was unavailable due to the fact that the court's computer system had been attacked by ransom ware and, therefore, many digital audio recordings of court proceedings were unable to be accessed. The undersigned counsel again requested the transcript from proceedings held in this matter on August 19, 2016 earlier this month in anticipation of Oral Argument scheduled in this matter and [the court reporter], after

doing much searching, informed him that the audio recording was now available and could be transcribed. The undersigned obtained a copy of this transcript on February 11, 2020.

{¶ 32} Jones asserted in his motion that the transcript was relevant to the issue we accepted to review "in light of the State's primary argument that a valid waiver of the right to counsel eliminates any constitutional right to standby counsel. Conversely, if there are doubts about the validity of the waiver, which the transcript of the waver hearing held in this case supports, then the premise of the State's argument fails."

{¶ 33} This court denied the motion to supplement. 158 Ohio St.3d 1416, 2020-Ohio-630, 140 N.E.3d 727.

{¶ 34} Now, more than five months after this case was submitted for a decision, the majority not only vacates, sua sponte, this court's prior order denying Jones's motion to supplement the record with the transcript of the August 19, 2016 hearing, but it also grants that motion and remands this case to the court of appeals to reconsider the issue whether Jones knowingly, intelligently, and voluntarily waived his right to trial counsel in light of this newfound transcript. It does so on its own initiative and without notice to the parties or the benefit of adversarial briefing on whether a remand is appropriate or even permissible.

{¶ 35} In my view, this court appropriately denied the motion to supplement the record. S.Ct.Prac.R. 15.08 permits the record to be supplemented "[i]f any part of the record is not transmitted to the Supreme Court but is necessary to the Supreme Court's consideration of the questions presented on appeal." We apply general principles of statutory construction in interpreting our procedural rules, and therefore "[i]f a court rule is unambiguous, we apply it as written." *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 22.

{¶ 36} S.Ct.Prac.R. 15.08 is plain and unambiguous and has two prerequisites for supplementing the record: the supplementation must be (1) needed for this court's review and (2) related to issues actually before us in the case. The transcript of the August 19, 2016 hearing, however, is not needed for us to decide the single issue on appeal, which is whether the trial court committed structural error in denying Jones access to standby counsel during jury selection. Tellingly, if we needed the transcript to be added to the record for *our consideration* of that question, we would not be remanding this matter to the court of appeals to reconsider the validity of Jones's waiver of his right to counsel upon review of the transcript.

{¶ 37} Nor is the supplemented record relevant to any question presented to us in this appeal. Any challenge to the validity of Jones's waiver of his right to counsel is beyond the scope of this appeal and not properly before this court, and it had been the well-settled policy of this court to decline to address issues that were not presented in a proposition of law or accepted by this court for review. *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 17-22; *State v. Chappell*, 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 26; *State v. Ishmail*, 67 Ohio St.2d 16, 18-19, 423 N.E.2d 1068 (1981).

{¶ 38} In accepting Jones's appeal, we agreed to answer a narrow constitutional question regarding whether a trial court's failure to make standby counsel available to a pro se defendant during voir dire constitutes structural error and requires automatic reversal of the defendant's subsequent judgment of conviction. This case was simply the vehicle for settling the law on that issue for all Ohioans, not just Jones, and the factual validity of Jones's waiver of his right to counsel is not relevant to this court's answer to the question posed. "[W]e are not an error-correcting court; rather, our role as the court of last resort is to clarify confusing constitutional questions, resolve uncertainties in the law, and address issues of public or great general interest." *State v. Noling*, 136 Ohio St.3d 163,

2013-Ohio-1764, 992 N.E.2d 1095, ¶ 63 (O'Donnell, J., dissenting); *see* Article IV, Section 2(B)(2)(e), Ohio Constitution. And as a court of last resort, we " 'do not, or should not, sally forth each day looking for wrongs to right.' " *Greenlaw v. United States*, 554 U.S. 237, 244, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008), quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir.1987) (Arnold, J., concurring in the denial of rehearing en banc).

{¶ 39} In line with the plain language of Sup.Ct.Prac.R. 15.08 and our precedent, I would confine our review to the proposition of law that we accepted for review based on the record before us prior to this court's decision to grant Jones's motion to supplement.

**Failure to Reconstruct the Record on Appeal**

{¶ 40} Moreover, Jones failed to show diligence in ensuring that the transcript of the August 19, 2016 hearing made it into the record on appeal. After he learned that a transcript of the hearing was not available, Jones could have prepared a statement of the evidence pursuant to App.R. 9(C)(1), which provides that "if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Under that rule, the appellee may then serve objections to the statement on the appellant or propose amendments to the statement, and the trial court may then settle and approve the statement and add it to the record to be considered on appeal. *Id.* Had Jones taken that step, the court of appeals could have reviewed the merits of Jones's challenge to his waiver of his right to counsel rather than presume the regularity of the proceeding. Instead, Jones did nothing further to ensure that the record was complete.

{¶ 41} Even in death-penalty cases, we have long recognized that an appellant's failure to at least attempt to reconstruct the trial-court record using the methods allowed under App.R. 9 results in our refusal to consider the merits of any

14

claimed error based on missing portions of the record. *See, e.g.*, *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 160; *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 163; *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 184; *State v. Nields*, 93 Ohio St.3d 6, 27, 752 N.E.2d 859 (2001); *State v. Goodwin*, 84 Ohio St.3d 331, 340, 703 N.E.2d 1251 (1999); *State v. Keenan*, 81 Ohio St.3d 133, 139, 689 N.E.2d 929 (1998); *State v. Palmer*, 80 Ohio St.3d 543, 554, 687 N.E.2d 685 (1997); *State v. Phillips*, 74 Ohio St.3d 72, 102, 656 N.E.2d 643 (1995); *State v. Grant*, 67 Ohio St.3d 465, 481, 620 N.E.2d 50 (1993); *State v. Davis*, 62 Ohio St.3d 326, 347, 581 N.E.2d 1362 (1991); *State v. Watson*, 61 Ohio St.3d 1, 14, 572 N.E.2d 97 (1991); *State v. Wiles*, 59 Ohio St.3d 71, 91, 571 N.E.2d 97 (1991); *State v. Jells*, 53 Ohio St.3d 22, 32, 559 N.E.2d 464 (1990); *State v. Tyler*, 50 Ohio St.3d 24, 41, 553 N.E.2d 576 (1990); *State v. Brewer*, 48 Ohio St.3d 50, 61, 549 N.E.2d 491 (1990).

{¶ 42} And in noncapital cases, we have held to the same rule. *See In re B.E.*, 102 Ohio St.3d 388, 2004-Ohio-3361, 811 N.E.2d 76, ¶ 15; *State v. Iacona*, 93 Ohio St.3d 83, 107, 752 N.E.2d 937 (2001); *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 200, 400 N.E.2d 384 (1980); *State v. Skaggs*, 53 Ohio St.2d 162, 163-164, 372 N.E.2d 1355 (1978).

{¶ 43} It is possible to cherry-pick a few of these cases in which the court gave alternative or additional reasons for rejecting arguments based on errors allegedly occurring outside the record. However, that does not diminish the fact that previously "we [have] held that the appellant waived any error by failing to invoke the procedures of App.R. 9(C) or 9(E) and making no attempt to reconstruct the missing portions of the record." *In re B.E.* at ¶ 15, citing *Brewer* at 60-61 and *Keenan* at 139.

{¶ 44} In *Ketterer*, we noted that "counsel never requested that the unrecorded bench conferences be recorded. Nor has [the appellant] attempted to reconstruct these conferences or to establish their importance or that material

prejudice resulted. * * * We have repeatedly refused to reverse convictions or sentences on the basis of unrecorded conferences when a defendant has not taken these steps." 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, at ¶ 160. In *Skatzes*, we pointed to the appellant's failure to reconstruct the record pursuant to App.R. 9(C) in rejecting his claim that lost charts used in voir dire deprived him of a full record of the proceedings and effective appellate review. 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, at ¶ 160-163. In *Leonard*, we rejected as speculative the appellant's argument that the failure to maintain a complete record of the proceedings as required by Crim.R. 22 was prejudicial error, stating, "Significantly, appellate counsel failed to invoke the procedures of App.R. 9(C) or 9(E) to reconstruct the off-the-record conferences or to establish their importance." 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, at ¶ 182-184. And in *Neilds*, we concluded that the appellant had failed to demonstrate that the state did not comply with the trial court's order for a separation of witnesses, noting that it was not within the record and "[appellant] made no attempt to supplement the record under App.R. 9(C)." 93 Ohio St.3d at 27, 752 N.E.2d 859.

{¶ 45} Today, the majority overrules our well-established precedent sub silentio, and from this day forward an appellate court cannot consider an appellant's assignment of error to be forfeited for appellate review when the appellant has failed to reconstruct the record using App.R. 9(C), eviscerating the import of the rule. And the majority's decision today will have equal force beyond this criminal case to apply in any civil case as well. Consequently, any party that had failed to request a transcript of the proceedings and failed to reconstruct the record in accordance with App.R. 9(C) should be freely allowed to supplement the record anyway in this court and granted a remand from this court to the court of appeals for a second bite at the apple on an issue not before this court, so long as a majority of this court perceives that issue to relate to some predicate determination of the trial court.

**{¶ 46}** App.R. 9(C) is not merely a permissive rule of appellate procedure. We have recognized that the procedural rules promulgated by this court "govern the conduct of all parties equally, and 'we cannot disregard [the] rules to assist a party who has failed to abide by them.' " *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 16, quoting *Bell v. Midwestern Educational Servs., Inc.*, 89 Ohio App.3d 193, 204, 624 N.E.2d 196 (2d Dist.1993).

**{¶ 47}** The Rules of Appellate Procedure, including App.R. 9(C), carry the force and effect of law in this state. They were promulgated pursuant to our authority to adopt procedural rules granted by Article IV, Section 5(B) of the Ohio Constitution, they were submitted to the General Assembly for review and oversight, and they supersede all procedural statutes in conflict with them. *See generally* Article IV, Section 5(B), Ohio Constitution; App.R. 43; *see also State v. Hughes*, 41 Ohio St.2d 208, 210, 324 N.E.2d 731 (1975). Our procedural rules are binding on all courts of this state, including this one.

**{¶ 48}** In this case, Jones did not attempt to reconstruct the record of the August 19, 2016 hearing at which he waived his right to counsel. Further, his motion to supplement the record gives no explanation for his failure to request a copy of the transcript in the praecipe, nor does it explain why Jones waited until February 2020 to recontact the court reporter to inquire about the status of the transcript. Jones has not demonstrated that he exercised sufficient diligence to justify the majority's allowing him a second chance to prevail on his assignment of error challenging his waiver of his right to trial counsel.

**{¶ 49}** If we were to rely on our precedent and maintain the viability of App.R. 9(C), Jones would not be without redress to seek review of the validity of his waiver of his right to counsel. For example, Jones could put the matter before the court of appeals by filing a delayed application to reopen his direct appeal on the basis of ineffective assistance of appellate counsel under App.R. 26(B). But

what he cannot do is introduce new issues in his appeal before this court by belatedly seeking to supplement the record.

**Conclusion**

**{¶ 50}** "Government by rule of law means more than that government has the duty to maintain law and order; it also means that the government itself is subject to rules of law, and cannot disregard the law, or remake it to suit itself without heeding those procedures specified by law." *Cooper v. Gwinn*, 171 W.Va. 245, 250, 298 S.E.2d 781 (1981). Today, a majority of this court declares that this court is not bound by the rule of law as expressed in our precedent and in our own rules, Sup.Ct.Prac.R. 15.08 and App.R. 9(C). But once promulgated pursuant to our constitutional authority, those rules are meant to be followed by jurists and litigants alike. And if those rules no longer represent the appropriate procedure, the remedy is not to ignore them; rather, they should be amended as provided by our Constitution—by a vote of this court and, when required, by the agreement of the General Assembly. *See* Article IV, Section 5, Ohio Constitution. But the decision of a majority of the court to simply disregard our procedural rules sacrifices "principles of predictability and stability * * * for the sake of personal judicial whims." *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 137.

**{¶ 51}** Applying the plain meaning of our rules and our precedent, I would maintain our decision denying Jones's motion to supplement the record and would review the proposition of law that we accepted and that the parties have briefed and argued to this court. Because the majority does not, I dissent.

FISCHER and DEWINE, JJ., concur in the foregoing opinion.

————————————

Dave Yost, Attorney General, Benjamin M. Flowers, State Solicitor, Stephen P. Carney, Deputy Solicitor, and Christopher Kinsler, Assistant Attorney General, for appellee.

Patrick J. Milligan Co., L.P.A., and Patrick J. Milligan; and James E. Kocka, for appellant.

Russell S. Bensing, urging reversal for amicus curiae, Ohio Association of Criminal Defense Lawyers.

_____