**[Cite as *State v. Jones*, 2020-Ohio-6777.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. S-18-013 |
| Appellee | Trial Court Nos. 15-CR-0942 |
| | 15-CR-1040 |
| v. | |
| Hayward Jones | **DECISION AND JUDGMENT** |
| Appellant | Decided: December 18, 2020 |

* * * * *

Dave Yost, Ohio Attorney General, and Christopher L.
Kinsler, Assistant Attorney General, for appellee.

Geoffrey L. Oglesby, deceased, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This case is before the court on remand from the Supreme Court of Ohio on

the limited issue of whether defendant-appellant, Hayward J. Jones, knowingly,

intelligently, and voluntarily waived his right to trial counsel. *State v. Jones*, Slip

Opinion No. 2020-Ohio-4031. For the reasons that follow, we find that he did not. We

reverse the March 8, 2018 judgment of the Sandusky County Court of Common Pleas, convicting Jones of engaging in a pattern of corrupt activity and numerous counts of conspiracy and trafficking in cocaine.

## I.  Background

{¶ 2} Following a jury trial, Hayward Jones was convicted of one count of engaging in a pattern of corrupt activity, nine counts of conspiracy, and 47 counts of trafficking in cocaine.  He had originally been charged with a total of 104 counts—95 counts in Sandusky County case No. 15CR1040 and nine counts in Sandusky County case No. 15CR942—but the remaining counts were dismissed.  Jones was sentenced to an aggregate prison term of 13 years.  The conviction and sentence are memorialized in an amended sentencing entry journalized on March 8, 2018.

{¶ 3} Jones appealed, assigning six errors for our review:

> I.  THE COURT ERRED IN FORCING MR. JONES TO USE INEFFECTIVE STANDBY COUNSEL.
>
> II.  THE COURT ERRED IN NAMING SOMEONE AN EXPERT WHEN THEIR OWN TESTIMONY IS INCONSISTENT.
>
> III.  THE COURT ERRED IN ALLOWING A VERDICT THAT IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE.
>
> IV.  MR. JONES'S MOTION FOR ACQUITTAL WAS IMPROPERLY DENIED.

2.

V.  THE COURT ERRED IN GROUPING THE OFFENSES
TOGETHER ON THE VERDICT FORMS.

VI.  THE COURT ERRED IN SENTENCING MR. JONES TO
MAXIMUM AND MANDATORY TIME AGAINST THE FACTORS OF
SENTENCING.

*State v. Jones*, 6th Dist. Sandusky No. S-18-013, 2019-Ohio-301, ¶ 2.

{¶ 4} We found Jones's second and fifth assignments of error not well-taken.  We found his third and fourth assignments of error well-taken, in part, and not well-taken, in part; we vacated his convictions on Count Nos. 2, 3, and 8 in Sandusky County case No. 15-CR-942 and Count Nos. 12, 31, 37, 45, and 55 in Sandusky County case No. 15-CR-1040.  We also found his sixth assignment of error well-taken, in part, and not well-taken, in part; we found that the sentence imposed for Count 5 should have merged with the sentence imposed for Count 4, and the sentence imposed for Count 7 should have merged with the sentence imposed for Count 6.  These conclusions reduced Jones's aggregate prison term by two years.

{¶ 5} But it is our disposition of Jones's first assignment of error that is at issue here.  In that assignment of error, Jones argued that he was deprived of effective assistance of counsel because the trial court forced him to proceed to trial without counsel or "a fair chance."  He made three main arguments in support of this assignment of error: (1) the trial court erred in determining that he knowingly, intelligently, and voluntarily waived his right to counsel; (2) he received ineffective assistance of counsel because he

3.

should have been afforded full representation as opposed to standby counsel; and (3) the trial court improperly deprived him of standby counsel during voir dire and committed error in disallowing him from participating in voir dire.

{¶ 6} With respect to Jones's first argument, there was no transcript in the record of the August 19, 2016 hearing where Jones purportedly waived his right to counsel. Finding that we were compelled to presume the regularity of the proceedings, we concluded that the court acted appropriately in accepting appellant's waiver of counsel and that Jones knowingly, intelligently, and voluntarily waived his right to counsel under Crim.R. 44(C). We were also not persuaded by Jones's second and third arguments. We found Jones's first assignment of error not well-taken.

{¶ 7} Jones appealed our decision to the Supreme Court of Ohio. The court accepted review of Jones's appeal. While the matter was pending before the Ohio Supreme Court, Jones filed a motion to supplement the record. He stated in his motion that the transcript of the August 19, 2016 hearing—where Jones purportedly waived his right to counsel—was not initially available because the court reporter was not present at the hearing and the audio recording of the hearing was unavailable due to a ransomware attack on the court's computer system. Jones explained that in anticipation of oral argument in the Ohio Supreme Court, counsel tried once again to obtain the hearing transcript and was informed that the recording had become available. He attached the transcript of the hearing.

4.

**{¶ 8}** The Ohio Supreme Court initially denied Jones's motion to supplement, *State v. Jones,* 158 Ohio St.3d 1416, 2020-Ohio-630, 140 N.E.3d 727, but then reconsidered. *State v. Jones*, Slip Onion No. 2020-Ohio-4031. The court vacated its denial of his motion to supplement, granted the motion to supplement the record with the transcript of the August 19, 2016 hearing, deemed the record supplemented, and remanded the case to this court to review the once-missing transcript and to render an opinion on the issue of whether Jones knowingly, intelligently, and voluntarily waived his right to counsel.

## II. Law and Analysis

**{¶ 9}** "It is axiomatic that a criminal defendant has a right to counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, as well as a right to act as his own counsel during trial, if he so chooses." *State v. Harris*, 6th Dist. Erie No. E-02-019, 2003-Ohio-5190, ¶ 23, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). But "before a defendant may serve as his own counsel, the defendant must knowingly, intelligently, and voluntarily waive his right to assistance of counsel." *State v. Weiss*, 92 Ohio App.3d 681, 684, 637 N.E.2d 47 (9th Dist.1993). Under Crim.R. 44(C), "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22." In serious offense cases, the waiver must be in writing. *Id.*

**{¶ 10}** "Whether a defendant knowingly, intelligently, and voluntarily waived the right to counsel is an issue that we review de novo." *State v. Reece*, 6th Dist. Lucas No.

5.

L-17-1314, 2019-Ohio-2259, ¶ 14.  In doing so, we must independently examine the record to determine "whether the totality of circumstances demonstrates a knowing, intelligent, and voluntary waiver of the right to counsel." *State v. Guess*, 4th Dist. Hocking No. 11CA33, 2014-Ohio-771, ¶ 9.

### A.  Jones asks to fire appointed counsel and represent himself.

{¶ 11} Over the life of the case, the trial court appointed three different attorneys for Jones.  The first one withdrew almost immediately upon discovering the complexity of the case and the amount of time that would be required to properly defend against the 104 counts.  The second attorney withdrew because he had been retained to represent a co-defendant.  The third attorney ("assigned counsel") was permitted to withdraw at Jones's request on August 19, 2016.

{¶ 12} Jones appeared in court with assigned counsel for a change of plea hearing on August 19, 2016—six days before his case was scheduled to be tried.  At that hearing, Jones changed his mind about entering a plea; instead, he told the court that he no longer wished to be represented by assigned counsel:

> The defendant:  * * * I don't want [assigned counsel] representing me because he hasn't been representing me well the whole time, like –
>
> The court:  Well, he doesn't tell you what you want to hear, but he's a very competent Defense attorney.  He's a former prosecutor.

{¶ 13} Jones told the court that assigned counsel had not been preparing his case, had only recently provided him with disks that the state planned to offer as exhibits at

6.

trial, and was pressuring him to accept a plea agreement. The court initially refused to allow assigned counsel to withdraw:

> The court: * * * I see no good reason to take [assigned counsel] off the case. He was court appointed. You don't get to select your attorney at the last minute when we're talking court appointed lawyers, all right? He's competent. I'm not going to take him off the case. Now, are you – were you going to hire private counsel?

> The defendant: I was going to try, because this is not going to work. Me and him don't see eye to eye. My life is on the line right here * * *.

> The court: I think you have an obligation to yourself, Mr. Jones. You know what we're dealing with here, okay?

> My guess is you're familiar with all of the counts, and if you think that they're going to magically disappear or are – I think you're, perhaps, living in a fantasy land, okay?

> You appreciate the – the drug culture in Sandusky County. This is not your first rodeo, correct?

> The defendant: Right.

> The court: You've been to prison before –

> The defendant: Correct.

> The court: – on drug charges.

> The defendant: Correct.

7.

The court: Okay. I mean, I'm not – I'm not trying to be difficult, but you came into this court, you pled indigency. I knew that [assigned counsel] was accomplished in this area.

The defendant: Uh huh.

The court: He got the appointment. You got probably one of the best Defense attorneys in northern Ohio, and, at the last minute you say, oh, I – I don't get along with him, I don't trust him, it's not going to fly.

{¶ 14} The court recessed to allow Jones to further consider the state's plea offer "or we're going to trial Thursday, and [assigned counsel] is still your attorney, okay?" When the court reconvened, assigned counsel told the court that Jones wanted to terminate assigned counsel's representation and represent himself:

[Assigned counsel]: * * * [Mr. Jones] would like to fire me and defend himself, as I understand it, on Thursday. He does not intend to put up with me. He said he's had enough of me, and that's where we're at.

The court: Mr. Jones. Have you ever heard the expression a person who represents himself has a fool for a client?

The defendant: No.

* * *

The court: Well, you might want to think about that.

The defendant: Okay.

* * *

8.

The court:  Certainly, Mr. Jones has the right to represent himself. We've tried to stress to him the importance of having counsel.

If you don't want to work with your counsel, well, you do have the Constitutional right to represent yourself; so [assigned counsel], you would be excused.

{¶ 15} Both assigned counsel and counsel for the state were concerned with the lack of formality exercised by the trial court in acquiescing to Jones's request to represent himself.  They encouraged the court to put the waiver in writing:

[Assigned counsel]:  Your Honor, shouldn't this be done in writing since that would, technically, be a waiver of counsel?  Guess I'm just – in terms of the formalities and coming out right, [assistant attorney general].

[Assistant attorney general]:  I – I'm inclined to say – it's been awhile since I've had one, but I do think it's prudent to have it in writing, Your Honor, I mean, it is on the record here, I guess, but – it couldn't hurt to have it in writing also.  I don't have such a form, though, handy, Your Honor.  I could see if the Prosecutor's Office does.

The court:  Well, I'll write one up here.  Is your middle initial J.?

The defendant:  Yes.

* * *

The court: All right, I've just drafted, "The Defendant this day has elected to represent himself at jury trial scheduled for 8/26/16, and he discharge [sic] his appointed counsel * * *."

"Defendant by his signature below knowingly makes this Constitutional decision to represent himself."

Anything more we need?

[Assistant attorney general]: You know, Judge, what date did you put on it? I think it's the 25th.

{¶ 16} With that, the court asked assigned counsel to provide Jones with the discovery received from the state:

The court: And I trust you'll turn over to Mr. Jones all of the Discovery that you've been –

[Assigned counsel]: Well, he has the – the tapes that they had. He has those. Mr. Jones –

The defendant: Yes, yes.

[Assigned counsel]: -- so, I guess, I could – and I have provided a copy of the Bill of Particulars to you.

The defendant: Yes.

[Assigned counsel]: You have those.

(Brief pause.)

[Assigned counsel]: If I could get the Court's indulgence to get somebody to make me a copy of the balance of the file, I can turn it over to him right this – right before he leaves the building, Your Honor.

The court: All right. Anything else?

[Assistant attorney general]: No, Your Honor.

The court: Okay, we'll see you Thursday morning, 8:30.

{¶ 17} The court ultimately continued the trial to December 1, 2016. In the meantime, Jones tried to retain an attorney, but was unable to pay for private counsel. In a November 21, 2016 "motion," at a pretrial on November 23, 2016, and again, moments before trial began, Jones told the court that he required the assistance of an attorney and asked that one (or even two) be appointed. The trial court refused to take any action that would require another continuance of the trial date.

### B. A court must make proper advisements to ensure that the right to counsel has been waived knowingly, intelligently, and voluntarily.

{¶ 18} In order to obtain a valid waiver of the right to counsel, the trial court must adequately explain to the defendant "the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter," as well as the dangers and disadvantages of self-representation. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 40, 43-44, citing *Von Moltke v. Gillies*, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed.

11.

309 (1948).  The waiver of the right to counsel must be "unequivocal and explicit." *State v. Belt*, 5th Dist. Richland No. 2019-CA-0082, 2020-Ohio-1302, ¶ 7.

{¶ 19} Whether there has been an intelligent waiver of the right to counsel depends on the particular facts and circumstances of each case and "the background, experience, and conduct of the accused." *State v. Suber*, 154 Ohio App.3d 681, 2003-Ohio-5210, 798 N.E.2d 684, ¶ 15 (10th Dist.), quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).  And while "[t]here is no formula or script that a trial court must follow in every case in order to comport with the requirements of the Sixth Amendment," *State v. Tucker*, 2016-Ohio-1353, 62 N.E.3d 903, ¶ 11 (9th Dist.), "[a] sketchy or minimal inquiry touching upon only some of the above-enumerated factors will not adequately establish an effective waiver of counsel." *Suber* at ¶ 15, citing *State v. McQueen*, 124 Ohio App.3d 444, 447, 706 N.E.2d 423 (10th Dist.1997).

{¶ 20} Under Crim.R. 44(C), waiver of counsel must occur in open court and be recorded, and where a "serious offense" is involved, as defined by Crim.R. 2(C), a waiver of counsel must be in writing.  The failure to obtain a written waiver may constitute harmless error if the trial court substantially complies with Crim.R. 44(A) by making "a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel." *Martin* at ¶ 39.  However, "a written waiver of counsel is not a substitute for compliance with Crim.R. 44(C), which requires an oral waiver in open court before the judge, recorded in accordance with Crim.R. 22." *State v. Owens*, 9th Dist. Summit No. 29098, 2019-Ohio-2206, ¶ 9.

12.

**{¶ 21}** "There is a presumption against finding that a defendant has waived his or her right to counsel, and a trial court has a 'serious and weighty responsibility' to determine whether the accused is knowingly, intelligently, and voluntarily waiving the constitutional right to counsel." *Reece*, 6th Dist. Lucas No. L-17-1314, 2019-Ohio-2259, at ¶ 9. "Because self-representation entails the waiver of the Sixth Amendment right to counsel, a trial court's evaluation of a defendant's request for self-representation 'is fraught with the possibility of error.'" *State v. Patterson*, 3d Dist. Hancock No. 5-19-34, 2020-Ohio-1437, ¶ 17, *Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir.1990).

### C. The trial court failed to ensure that Jones's waiver of the right to counsel was knowing, intelligent, and voluntary.

**{¶ 22}** Simply stated, the trial court made none of the required advisements here before accepting Jones's waiver of the right to counsel. At no point did the court advise Jones of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder—which was indeed considerable—possible defenses to the charges and circumstances in mitigation thereof, or any other facts essential to a broad understanding of the whole matter. And beyond telling Jones that "a person who represents himself has a fool for a client," the court did not advise Jones of the dangers and disadvantages of self-representation.

**{¶ 23}** The written waiver was similarly deficient. It stated only that Jones had elected to represent himself and was "knowingly making this constitutional decision to represent himself." So even if a written waiver could cure the complete failure to orally

13.

provide the required advisements—which it cannot—the waiver here contained none of the required advisements.

{¶ 24} Accordingly, we find that Jones did not knowingly, intelligently, and voluntarily waive the right to counsel. We find Jones's first assignment of error well-taken. We vacate his convictions and remand this matter to the trial court for a new trial. *See, e.g., Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, at ¶ 43-45 (remanding the matter for new trial where trial court "did not adequately explain the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses, mitigation, or other facts essential to a broad understanding of the whole matter * * *, and did not make defendant aware of dangers of self-representation").

### III. Conclusion

{¶ 25} We find Jones's first assignment of error well-taken. The trial court failed to ensure that Jones's waiver of the right to counsel was knowing, intelligent, and voluntary. We reverse the March 8, 2018 judgment of the Sandusky County Court of Common Pleas, vacate Jones's convictions, and remand to the trial court for a new trial. The state is responsible for the costs of this appeal under App.R. 24.

{¶ 26} **To the clerk:**

{¶ 27} The clerk is ordered to serve a copy of this decision upon appellant Hayward Jones; Attorney Patrick J. Milligan, 18615 Detroit Avenue, Suite 201,

Lakewood, Ohio, 44017; and Attorney James E. Kocka, 1000 W. Wallings Road,

Suite A, Broadview Heights, Ohio, 44147.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.